Bernard L. Shientag, J.
This is a motion for summary judgment. The complaint is predicated on a written agreement of guarantee entered into between the parties. The answer consists of a general denial and four separate defenses alleging, generally, fraud and duress in the execution of the writing upon which the complaint is based. The answering affidavit of the defendant fails, however, to set forth facts within the meaning' of rule 113 of the Rules of Civil Practice sustaining the formal defenses contained in the answer. The papers show without contradiction that the defendant was at all times represented by an attorney not only in connection with the execution of the agreement of guarantee, but in connection with the other *660 agreements which were necessary to effectuate the transaction between the parties.
While it is true that the court may not on a motion for summary judgment try an issue of fact and is called upon solely to determine whether there is an issue of fact to be tried, it, nevertheless, is not required to shut its eyes to a defense shown by the very affidavit submitted by the defendant to be patently false. A shadowy semblance of an issue is not enough to defeat the motion. Rule 113 of the Rules of Civil Practice would serve no useful purpose if frivolous and transparently insufficient proofs such as have been brought forward here were held to create a triable issue (Richard v. Credit Suisse, 242 N. Y. 346; Dwan v. Massarene, 199 App. Div. 872; Strasburger v. Rosenheim, 234 App. Div. 544; Gravenhorst v. Zimmerman, 236 N. Y. 22). The situation here is not one of a conflict in affidavits, but, rather, it is one where the writing executed by the parties and the very nature of the averments contained in the defendant’s affidavit show that the issue sought to be created is neither genuine nor substantial.
Accordingly, the motion for summary judgment is granted. Execution stayed five days.
Settle order.