Jacob J. Schwartzwald, J.
Defendant in this equity action moves for summary judgment pursuant to rule 113 of the Buies of Civil Practice.
This action, instituted to permanently enjoin and restrain defendant from interfering with plaintiff’s distribution of certain of movant’s products, was initiated in Queens County and thereafter on defendant’s motion transferred by order to this court.
The papers indicate that two agreements were entered into between the parties. The first dated February 10, 1959, covering that section in Brooklyn designated therein as area “ B” and the second dated July 7, 1959, referring to an adjoining section in Brooklyn therein designated as area “ Q ”. There is no dispute that the form of agreement was the standard one customarily used by movant in its negotiations with distributors, the only necessary additions appearing therein are the name of the “ distributor,” the specific borough area or territory to be covered and the schedule of prices.
The tenor of the said agreements are similar, providing that plaintiff act as the exclusive distributor of soft drinks bottled by defendant (except Coca-Cola) in certain areas in Brooklyn until March 31, 1964, unless sooner terminated pursuant to the provisions of said agreement.
Claimed breaches of the terms and provisions of the agreements caused defendant, after investigation, to terminate them. Whereupon plaintiff, by his attorney, requested and obtained arbitration of the issues pursuant to paragraph 26 in both agreements. Arbitration is but a substitute for the judicial process, with the parties creating their own forum and picking their own judges (Matter of Ehrlich [Unit Frame Corp.], 5 N Y 2d 275, 279). “ There can be no arbitration unless it is first found that the parties have agreed to arbitrate * * *
not only any controversy arising under the contract but any controversy in relation thereto. Both questions of fact and law are for the arbitrators ”. (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714, affd. 309 N. Y. 709.) Here plaintiff himself initiated the arbitration process pursuant to the pertinent paragraph in the agreements which reads as follows:
*408 “ 26. abbitbatioit. Any dispute, controversy or claim arising out of or relating to this agreement shall be submitted to arbitration before Mr. Herman Brickman. The Arbitrator’s award shall be final and binding upon both parties.” Following a hearing at which the parties were present with their attorneys, the designated arbitrator made an award in favor of defendant which terminated the exclusive distributor relationship between the parties. That the award terminated both contracts is admitted by plaintiff in his opposing affidavit at page 1, paragraph 2, where he states: “ At a hearing before the company’s arbitrator, in violation of my rights he terminated both contracts, not one.” (Emphasis supplied.) Albeit aggrieved by the arbitrator’s determination, no motion was made with regard to the award and plaintiff’s reasons for refraining from taking steps afforded him by statute (Civ. Prac. Act, §§ 1462, 1462-a, 1463) to vacate, correct or stay the arbitrator’s award is untenable, conversely defendant’s contention that the award was final, enforcible and correct, has merit.
Under the circumstances here described, the court may not adhere to plaintiff’s contention that the decision of Mr. Justice Gttlotta, denying injunctive relief to plaintiff, and its later affirmance by our Appellate Division, is here irrelevant and immaterial and should be ignored. There, the court held the complaint to be insufficient, and further indicated that the award terminated the entire distributorship and found doubtful merit in plaintiff’s conclusory statement that “the award covered only one of his routes, because the singular instead of the plural was sometimes used in the correspondence between the parties.” (N. Y. L. J., Sept. 12,1960, p. 15, col. 4.)
In challenging this motion for summary judgment, plaintiff has failed to convince the court that the issues raised have merit. “A shadowy semblance of an issue is not enough to defeat the motion. Buie 113 of the Buies of Civil Practice would serve no useful purpose if frivolous and transparently insufficient proofs such as have been brought forward here were held to create a triable issue (Richard v. Credit Suisse, 242 N. Y. 346; Dwan v. Massarene, 199 App. Div. 872; Strasburger v. Rosenheim, 234 App. Div. 544; Gravenhorst v. Zimmerman, 236 N. Y. 22).” (Hanrog Dist. Corp. v. Hanioti, 10 Misc 2d 659, 660.) As to the instant motion “ The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough.” (Kramer v. Harris, 9 A D 2d 282, 283.) It is unnecessary to outline the specific grievances *409 and acts of misconduct found by the arbitrator to have been established. The court meticulously searched the submitted papers in order to ascertain whether a real issue rather than a formal, perfunctory or shadowy one, is presented, and the conclusion reached is that no bona fide issue exists. The motion for summary judgment is accordingly granted.