Stevens, J.
Since the Appellate Division reversed and granted summary judgment to defendant-respondent (defendant), in deciding whether such action was warranted, we must *341 determine if triable issues of fact exist which preclude such disposition.
The statutory standard for the supporting proof required on a motion for summary judgment is set forth in CPLR 3212 (subd. [b]). In brief, the motion must be supported by an affidavit of a person having knowledge of the facts, together with a copy of the pleadings and other available proof. If the cause of action or defense be established sufficiently to warrant judgment in favor of a party as a matter of law, then such judgment must be granted. On a motion for summary judgment the court is not to determine credibility, but whether there exists a factual issue, or if arguably there is a genuine issue of fact (Terranova v. Emil, 20 N Y 2d 493; Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404). “ This is so because the granting of such a motion is the procedural equivalent of a trial.” (Falk v. Goodman, supra, p. 91). “ A shadowy semblance of an issue is not enough to defeat the motion ”. (Hanrog Distr. Corp. v. Hanioti, 10 Misc 2d 659, 660.)
In the present action plaintiff seeks a temporary and permanent injunction against the employment of Peter A. Libman and compensatory and punitive damages. Essentially, its action is premised upon an alleged breach of the terms of an agreement entered into by the parties on June 20, 1968, in which plaintiff undertook to provide certain industrial engineering services to defendant at a total cost of $15,600. Libman was the field engineer assigned to defendant’s plant. The contract was performed and defendant’s relationship as plaintiff’s client terminated as of December, 1968.
In February, 1969, Libman entered defendant’s employ after having, on October 16,1968, given plaintiff formal written notice of hiS intention to terminate his month to month contract of employment which, by its terms, could be terminated by either party upon 45 days’ written notice. At plaintiff’s request, however, Libman remained a few months longer to complete a Canadian project for plaintiff.
Libman first discussed the possibility of employment with defendant in January, 1969. At that time defendant’s president, Joseph J. Olewitz, made a long distance call to Stanley J. Capelin, president of plaintiff, and apprised him of the discus *342 sion and of Ms intention to employ Libman. Capelin spoké disparagingly of Libman, “ even though Peter [Libman] would be a free agent in principle ”, and gave as the primary reason for Ms opposition, a standing relationship with the industry based upon a mutual agreement banning employee recruitment activities. This action was commenced about 11 months after Libman’s employment by defendant, as an admimstrative executive, involved in the purchasing of materials.
The action is premised upon breach of a provision in the contract between the parties by which each agreed during the life of the agreement and for three years thereafter not to employ a person who had been employed by the other “ and who has in the course of such employment obtained confidential information relating to the other’s methods, inventions, devices, trade secrets or business connections ”. Plaintiff complains that Libman’s employment violates the agreement and was induced by defendant with the intention of obtaimng confidential information and trade secrets acquired or learned by Libman during his employment with plaintiff.
Defendant has fairly shown by affidavits and otherwise that no trade secrets are involved and that Libman’s work with defendant is not in industrial engineering. Although both parties have been deposed before trial, the affidavit of plaintiff in opposition to defendant’s motion for summary judgment merely states in conclusory fashion that there were trade secrets acquired by Libman during his employment. “ ‘ Bald conclusory assertions, even if believable, are not enough [to defeat summary judgment] ’ ”. (Ehrlich v. American Moninger Greenhouse Mfg. Corp., 26 N Y 2d 255, 259.) There is no claim by plaintiff that facts are not within its control. It should therefore have presented proof in evidentiary form substantiating its claim. Moreover, the opposing affiadvit should indicate that it is being made by one having personal knowledge of the facts (see Di Sabato v. Soffes, 9 A D 2d 297, 301).
Since there is no showing of trade secrets being acqmred by Libman and divulged by him to defendant, the bare provision remaining in dispute is the prohibition against employment for three years. Obviously, that part of the agreement has been ignored by defendant. The question thus arises, whether the restriction, under the circumstances of this case, is so rea *343 sonable and valid as to preclude granting summary judgment. Additionally, it must be borne in mind that the agreement required employment and the acquisition of confidential information relating to trade secrets, etc.
Plaintiff’s affidavit in opposition really adds nothing to the pleadings. “ The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified ’ ’ (Indig v. Finkelstein, 23 N Y 2d 728, 729). Some evidentiary facts are required to be put forward. Plaintiff’s opposing papers are insufficient to create a factual issue. Nor is defendant’s disregard of the three-year provision, standing alone, sufficient to defeat the motion in light of the relevant factors herein.
Accordingly, the order appealed from should be affirmed, with costs to defendant-respondent.
Judges Gabrielli, Jones, Wachtler and Babin concur with Judge Stevens ; Chief Judge Breitel and Judges Jasen dissent and vote to reverse on the ground that summary judgment was not warranted since on the papers, apart from trade secrets, there was reasonable restrictive covenant governing the re-employment of plaintiff’s employees (see Restatement, Contracts, § 516, subd. [f]).
Order affirmed.