■ WRECKING CORPORATION OF AMERICA, Respondent, v MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered May 24, 1977, which, *inter alia,* denied the motion by defendant Memorial Hospital for Cancer and Allied Diseases (Memorial) for partial summary judgment with respect to the first, second and part of the fifth cause of action in the complaint, unanimously reversed, on the law, with $60 costs and disbursements of this appeal to appellant, and the motion by Memorial granted, dismissing the first and second causes of action and so much of the fifth cause of action as sought recovery predicated upon the alleged failure of defendant to disclose information concerning the subsurface areas to be excavated by plaintiff. Plaintiff subcontractor successfully bid to perform excavation work on a new 20-story hospital to be owned by Memorial located at 1275 York Avenue, New York, New York. Diesel, general contractor and construction manager on the project, acted as Memorial's disclosed agent. Plaintiff's bid followed its review of relevant documents and design drawings supplied by Diesel. In this action, commenced after substantial completion of plaintiff's performance, the first and second causes of action in the complaint allege that subsurface conditions encountered differed materially from those represented in design drawings furnished by Diesel and further that Memorial withheld relevant information and failed to determine subsurface conditions in a reasonable manner. Plaintiff seeks to recover the increased costs which resulted and for delay in completing its contract. The agreement between the parties clearly imposes upon plaintiff the responsibility and risk of subsurface conditions. Addendum A to the contract (par 14, p 2), provides: "No representation is made by the General Contractor, Owner, Architect or Engineer in any contract document regarding the existing sub-surface conditions." Section No. 3 (par 7, cl [f]) of the general conditions (excavation and foundation work) is even more explicit: "The Owner, Architect and Consulting Engineers make no representations regarding the character and extent of the soil data or other surface conditions to be encountered during the work and no guarantee as to their accuracy or interpretation is made or intended." Despite these provisions, Special Term perceived the existence of triable issues of fact as to whether defendants negligently or willfully withheld information which, if disclosed, would have resulted in a higher bid. We disagree. Plaintiff clearly assumed full and complete responsibility for all excavation and construction costs relating to the foundation. There is no merit to plaintiff's claim that it should not be bound by its agreement to assume total responsibility for subsurface conditions, because material information was withheld which, if furnished, would have affected plaintiff's bid. Although plaintiff asserts that it was not supplied with as-built drawings of a previously demolished building on the site, there is no showing that such drawings were actually in existence, let alone that they were in Memorial's possession or control and withheld by it. It appears that al-

though an exhaustive search was conducted, the as-built drawings were never located. Furthermore, the usefulness of the as-built drawings is seriously questioned, since the prior building was not as tall as the hospital to be constructed for Memorial. The deposition of plaintiff's president concedes that since the foundation loads for the prior building were less, the borings taken prior to construction would be of limited value because they would not have proceeded to sufficient depth to show hard rock. Plaintiff has made no showing to support its contention that Memorial withheld logs of the test pits which had been dug. It is clear that the boring logs and other relevant information, such as soil samples and a report of the site investigation, were available for inspection by plaintiff at the office of the architect, in accordance with the contract. Moreover, there is no showing or allegation that the pits were not available to be physically inspected by the subcontractor. Nor is there assertion or proof that plaintiff requested that boring logs be submitted to it. Plaintiff's reliance upon the "disputed work" clause is similarly lacking in merit. That clause, contained in general conditions 16 (subds [a], [b]) of the contract, permits recovery for extra costs when conditions at the site are materially different either from those shown, or from those recognized as inherent in the work to be performed. It is patent that the documents plaintiff relied upon contained only estimates and further that the owner had expressly disclaimed the accuracy of such documents respecting subsurface conditions. Moreover, even were the clause applicable, which it is not, plaintiff does not allege that appropriate notice was furnished to the architect with respect to the disputed work. In accordance with the clear provision of the "disputed work" clause, the failure to give such notice constitutes a waiver of any claim. Plaintiff has failed to establish any affirmative proof that either defendant withheld information which materially affected plaintiff in connection with its bid on the project. The conclusory assertion that subsurface conditions at the construction site were not as expected has no probative value and does not establish that Memorial either withheld pertinent information or that it supplied erroneous boring data. Upon motion for summary judgment, a party opposing the motion must assemble and lay bare affirmative proof to establish the existence of genuine triable issues of fact (Shaw v Time-Life Records, 38 NY2d 201; Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285; Di Sabato v Soffes, 9 AD2d 297). Bare, conclusory allegations are insufficient for this purpose. (Ehrlich v American Moniger Greenhouse, 26 NY2d 255.) Concur—Birns, J. P., Silverman, Evans, Fein and Sandler, JJ.