OPINION OF THE COURT
Richard H. Farley, J.
This is an action for attorney’s fees in the sum of $802.56 in which the plaintiff represented defendant in a matrimonial action which included a judgment of divorce in the Supreme Court. Defendant denies the reasonableness of said fee and has counterclaimed in the sum of $60,000 largely upon the basis that plaintiff failed to advise him of the law of equitable distribution of marital property in an action for divorce.
Plaintiff is an attorney licensed to practice law in the State of New York. An action for divorce was commenced by plaintiff on behalf of defendant on August 25, 1980 against his former wife, Patricia D. Todd, hereinafter referred to as “Todd”. The parties were married on July 17, 1973 and have no children. On May 18, 1981 the parties entered into a written stipulation wherein the defendant agreed to convey all right, title and interest in the marital residence to his former wife. The marital residence had been purchased by defendant and Todd under a land contract dated April 23,1979 in the amount of $33,500 with no down payment and monthly installments of $329.89 beginning June 15, 1979. In the stipulation Todd agreed to indemnify and hold harmless the defendant from his obligations under said land contract as well as his obligation *789 upon a note served to finance an automobile owned by Todd. No proof existed that the defendant owned any equity in said property other than his bare allegation that the property was worth $40,000. Moreover, as both parties know, equitable distribution does not mean equal distribution, and there are no grounds to adduce that defendant’s stipulation with respect to this property was other than knowingly and willingly made.
It appears that all other property alleged by the defendant to be marital property was property acquired in Todd’s name alone prior to the marriage by conveyance or by inheritance. In May, 1978, a mobile home with garage was conveyed to Todd. In addition, it was in 1975 that Todd had inherited 185 acres of vacant land from her mother, Beatrice M. Daily. Section 236 (part B, subds c, d) of the Domestic Relations Law states:
“Marital property shall not include separate property as hereinafter defined.
“d. The term separate property shall mean:
“(1) property acquired before marriage or property acquired by bequest, devise, or descent, or gift from a party other than the spouse”.
It appears therefore that defendant’s allegation that the mobile home and garage and the vacant parcel were marital property is in error. In addition, no proof of any payment or contribution by the defendant for the purchase, improvement, or restoration of either property has been presented. Although defendant states that plaintiff failed to obtain sworn financial statements from the parties, he does not state in what way, if at all, such failure was fatal inasmuch as the plaintiff had actual knowledge of all property owned by both parties. Defendant’s counterclaim must be dismissed and the second affirmative defense stricken as a matter of law. (Hopfan v Harris, 54 NY2d 843.)
With respect to plaintiff’s motion for summary judgment, plaintiff’s affidavits and Exhibit P-7b reveal the considerable work performed by the plaintiff which has not been sufficiently controverted by defendant. (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338.) Attorney’s fees in *790 this contested divorce action would reasonably exceed the retainer of $350. Plaintiff’s motion for summary judgment is therefore granted and an inquest shall be held fixing the exact amount due.