■ ARTHUR CABRERA et al., Appellants, v FRANK FERRANTI et al., Respondents. — Order, Supreme Court, Bronx County (Cotton, J.), dated December 4, 1981, denying plaintiffs' motion for summary judgment setting aside the conveyances referred to in the amended and supplemental complaint and for other relief, is reversed, on the law, with costs to plaintiffs, and plaintiffs' motion for summary judgment is granted to the extent of granting an interlocutory judgment declaring said conveyances fraudulent as to plaintiffs and remanding the matter to Special Term for further proceedings. On April 26, 1979 judgments were entered in the Civil Court, Bronx County, in favor of plaintiff Arthur Cabrera against Frank Ferranti in the sum of $33,000, and in favor of plaintiff Robert Wetmore against Jack Ferranti in the sum of $20,000. No part of these judgments has been paid. During the pendency of the action which resulted in these judgments, the defendant Ferranti respectively transferred certain real property to the defendant corporations. On November 17, 1978, defendant Frank Ferranti transferred four parcels of real property (two of which he owned jointly with his wife) to defendant 256 Equities, Inc., a corporation formed in November, 1978. In return for these properties, 256 Equities, Inc., issued 200 shares of stock; 50 shares to Frank Ferranti and his wife jointly, and 50 shares to each of three of their children and their spouses. On July 6, 1978, defendant Jack Ferranti conveyed three parcels of real property to 258 Enterprises, Inc., all of whose stock was apparently owned jointly by Jack Ferranti and his wife. Section 273-a of the Debtor and Creditor Law provides: "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Indisputably the conveyances here involved were made when the person making them was a defendant in an action for money damages; final judgment was rendered in favor of plaintiffs in that action; and the respective defendants have failed to satisfy the judgment. Thus the conveyances are fraudulent as to the plaintiffs if made "without fair consideration". Section 272 of the Debtor and Creditor Law provides in part: "Fair consideration is given for property, or obligation * * * a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied". We think that plaintiffs have made at least a prima facie showing that the stock received by the respective individual defendants was not a "fair equivalent" for the properties. As to the conveyances by Frank Ferranti, two of the four properties were held in the name of Frank Ferranti individually, and the other two in the name of Frank Ferranti and his wife, as tenants by the entirety. Thus Frank Ferranti had a 100% interest in two parcels and a 50% interest in the other two parcels, or say a

75% interest in the four parcels. Yet the grantee corporation, 256 Equities, Inc., which issued 200 shares of stock at the time the conveyances were made, issued only 50 shares to Frank Ferranti and his wife, thus reducing Frank Ferranti's beneficial interest in the properties to one half of 25% — 12½%. Twelve and one-half percent is not the fair equivalent of 75%; and even 25% is not the "fair equivalent" of 100%. As to the conveyances by Jack Ferranti, he conveyed to 258 Enterprises, Inc. three parcels which he solely owned. However, his interest in the corporation was jointly owned with his wife. Assuming that (a) Jack and his wife received their shares in return for the transfers to the corporation or (b) they jointly owned all of the 200 shares issued by the corporation (their attorney's affidavit suggests that they owned even less), Jack still received only a 50% interest in consideration of the transfers. Again 50% is not the "fair equivalent" of 100%. In opposition to a motion for summary judgment it is not enough to say that something will be shown at the trial. As has been so often said, "[i]t is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial * * * An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded". (*Di Sabato v Soffes,* 9 AD2d 297, 301.) Defendants' opposing papers wholly fail to meet this test in the face of plaintiffs' prima facie showing that the transfers were without fair consideration. The only affidavit submitted in opposition to the motion was made by defendants' attorney. It contains conclusory assertions about what will be shown at the trial that are unsupported by deposition testimony or other evidence in the record and does not set forth any statement as to the source of the information or grounds of belief. Arguably, there is evidentiary support in a deposition for the attorney's statements regarding labor expended and money spent by Frank Ferranti's children in maintaining and improving their respective properties. But the expenditures by Frank Ferranti's children are the consideration *they* provided for the stock *they* received, not consideration received by Frank Ferranti for the transfers of property which he made to the corporation. And even these statements fall far short of the *Di Sabato* standard — "lay bare and reveal his proofs". " 'Bald conclusory assertions' " are not enough to defeat summary judgment. (*Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259.) Since the facts here are within defendants' control they should have presented proof in evidentiary form supporting their claims. (See *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342.) Since it is undisputed that the conveyances were made when Frank Ferranti and Jack Ferranti were defendants in an action for money damages and that the defendants have failed to satisfy the judgment entered for plaintiffs, and since defendants have failed to raise a triable issue that the transfers were supported by fair consideration, plaintiffs have established that the conveyances were fraudulent and are entitled to have the conveyances set aside to the extent necessary to satisfy their claims (Debtor and Creditor Law, § 278, subd 1, par a). But further proceedings are necessary to determine the extent to which the conveyances must be set aside and what incidental relief plaintiffs may be entitled to. Plaintiffs claim reasonable attorney's fees. The statute provides for such an award on a finding that conveyances were "made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law," to defraud. (Debtor and Creditor Law, § 276-a.) The present record is insufficient to enable us to make that determination as a matter of law. Concur — Sandler, J. P., Sullivan and Silverman, JJ.

Ross and Lynch, JJ., dissent in a memorandum by Ross, J., as follows: The majority opinion of this court presents a convincing argument to conclude that

the subject conveyances should be set aside as being fraudulent. If this decision had been rendered after trial, I would unhesitatingly join in this result. However, on the bare record now before this court, a summary determination is premature. The central issue of fact, and one recognized by my colleagues as such, is whether the individual defendants received fair consideration in the form of shares of stock in the defendant corporations for the now complained of conveyances. As to the Bronx properties which were conveyed to 256 Equities, Inc., the record demonstrates that defendant, Frank Ferranti, and his wife, purchased the four parcels of realty to provide a home for themselves and homes for certain of their children. Even if I were to accept the reasoning of the majority that Frank Ferranti is only a 12½% beneficial owner in 256 Equities, Inc., there is still nothing in the record to further conclude that this consideration is inadequate. As we are all aware, the price of real estate in the City of New York has been escalating for quite some time now. At today's rate, Frank Ferranti's interest in the corporation, the sole assets of which are these four parcels of real estate, could be equal to, or greater than, the outstanding judgment. This same reasoning would also apply to the conveyances made by defendant, Jack Ferranti, of his three parcels of Manhattan real property to defendant corporation, 258 Enterprises, Incorporated. To conclude, as the majority does, is to determine that, in relation to the subject real property, the value of the corporate stock received by the individual defendants is virtually valueless. I am not prepared to reach this result in advance of trial. As has been so often stated and reiterated, the function of this court, when reviewing an application for summary judgment, is issue recognition not issue determination (*Esteve v Abad,* 271 App Div 725). The issue now before this court is to determine the adequacy of consideration. The majority has seen fit to finally decide this issue; however, in my opinion, a substantial question of fact still exists as to this issue.