■ JOHN DOE, Respondent, v NICHOLAS YOUNG, Appellant. — Order, Supreme Court, New York County (Alvin F. Klein, J.), entered July 8, 1982, which, *inter alia,* denied the motion for summary judgment by the defendant Nicholas Young, unanimously modified, on the law, to the extent of granting the motion, the complaint is dismissed against this defendant, and otherwise affirmed, with costs. Plaintiff, who is a licensed physician, in 1971 enrolled as a student in the New York Psychoanalytic Institute and Society (Institute). The Institute is a postgraduate psychoanalytic training school. The course of study requires that a student undergo analysis with an Institute-appointed psychiatrist. Defendant, who is engaged in the practice of psychiatric and psychoanalytic medicine, is a faculty member of the Institute. The plaintiff accepted the Institute's recommendation that he submit to analysis by defendant. This arrangement, with defendant as his analyst, continued until 1977, when the plaintiff unilaterally terminated it. Subsequently, the Institute denied plaintiff certification. Thereafter, plaintiff commenced litigation against defendant and the Institute. Upon the Institute's motion the action against it was dismissed as untimely. In his complaint the plaintiff alleges that the defendant conducted the analysis negligently because he violated an anti-cigar smoking and confidentiality agreement made with plaintiff, before the analysis started. Defendant answered the complaint with denials. After conducting an examination before trial (EBT) of plaintiff, defendant moved for summary judgment. In opposition, plaintiff offered the affidavit of his attorney. Special Term denied the motion. We disagree. Our examination of the record reveals that the only relevant evidence is found in the affidavit of the defendant and in the excerpts from plaintiff's EBT. That evidence supports

defendant's contention that he did not breach his agreement with plaintiff. In pertinent part in his affidavit, the defendant states: "7. During Plaintiff's analysis, he authorized me to disclose to Blue Cross/Blue Shield a diagnosis of his mental condition so that he could receive reimbursement for fees paid to me. The diagnosis I provided with Plaintiff's approval was 'psychoneurosis anxiety.' 8. In 1977, Plaintiff decided to cease his analysis with me. I informed him that I would have to notify the Institute's Students Committee of this in accordance with normal procedures at the Institute. Subsequently, I did inform the Students Committee that Plaintiff wished to discontinue his analysis. However, I did not disclose anything beyond this and I specifically never disclosed any information revealed during analysis or my diagnosis of his mental condition. 9. I have previously denied the salient allegations of Plaintiff's Complaint". In his EBT, the plaintiff confirms that: (1) he permitted defendant to furnish the insurance carrier with information about his analysis; and, (2) he allowed defendant to report to the Institute "that I was or was not in analysis with him". The affidavit of plaintiff's "counsel, who is clearly without requisite knowledge of the facts, is without probative value" (*Aetna Cas. & Sur. Co. v Schulman,* 70 AD2d 792, 794). "It is incumbent upon a [plaintiff] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters * * * in his [complaint] are real and are capable of being established upon a trial" (*Di Sabato v Soffes,* 9 AD2d 297, 301). We find that "Plaintiff's opposing papers are insufficient to create a factual issue" (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 343). Thus we grant defendant's motion (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Concur — Murphy, P. J., Ross, Asch, Milonas and Kassal, JJ.