■ RCA CORPORATION, RCA SERVICE COMPANY DIVISION, Appellant-Respondent, v AMERICAN STANDARDS TESTING BUREAU, INC., Respondent-Appellant.—Order, Supreme Court, New York County (Baer, J.), entered September 13, 1983, which denied plaintiff's motion for summary judgment and granted plaintiff's motion to dismiss defendant's counterclaim, unanimously modified, on the law, to grant plaintiff's motion for summary judgment, and otherwise affirmed, without costs. The cross appeal taken by defendant is dismissed as abandoned, without costs, the defendant having failed to timely perfect said cross appeal.

In this action for recovery of rental charges due under a 10-year telephone system leasing agreement and for repossession of the equipment, plaintiff lessor RCA Corporation, RCA Service Company Division, appeals from the denial of its motion for summary judgment. Defendant lessee American Standards Testing Bureau (ASTB) cross-appeals from the balance of the order which granted plaintiff's motion to dismiss ASTB's counterclaim for installation costs of $24,000, replacement costs of $12,750, and consequential damages of $5,000,000. We conclude that the order must be modified to grant summary judgment in favor of RCA.

In support of its motion for summary judgment and dismissal of the counterclaim, RCA submitted the affidavit of its credit and collection account representative, a copy of the

leasing contract, and a statement of account establishing rent payment arrears of $8,018.93 as of February 19, 1985. Paragraph twelve of the leasing agreement unambiguously provides for repossession, in addition to recovery of arrears upon cancellation of the lease for nonpayment. Moreover, in its reply to the answer and counterclaim, RCA denied defendant's allegations concerning an affirmative defense of breach of warranty and failure to provide necessary repair and maintenance service. In opposition to summary judgment, ASTB submitted the brief, one-page affidavit of its assistant treasurer and technical director, Vassilis Morfopoulos, alleging that ASTB relied to its detriment upon plaintiff's false representations "at the time of the execution of the subject contract that plaintiff would service and maintain the subject telephone equipment and that such service would be by qualified, skilled repairmen, and further, that the subject telephone equipment was in good working order and was state of the art."

To defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial and "must make his showing by producing evidentiary proof in admissible form." *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068 [1979].) RCA established a prima facie case of breach of contract. The defendant's bare, conclusory averments are insufficient as a matter of law to demonstrate a real defense requiring a trial. *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342 [1974]; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290 [1973].) The affidavit submitted by ASTB does not raise a triable issue of fact as to the purported defense. Moreover, its answer, which was also verified by Morfopoulos *(see,* CPLR 105 [t]), does not add anything to the affidavit. Neither document particularizes the circumstances constituting the alleged fraud on RCA's part. *(See,* CPLR 3016.) Neither indicates who made the false representation to whom, whether it was written or oral, or when and in what manner the telephone system malfunctioned. The order must be affirmed as to the dismissal of the counterclaim. We agree with the conclusion of Special Term that paragraph seven of the contract, which exculpates RCA for "special, indirect, incidental or consequential damages", is dispositive.

Settle order. Concur—Kupferman, J. P., Ross, Fein, Kassal and Rosenberger, JJ.