■ FUNDAMENTALS COMPANY, INC., et al., Appellants, v IRWIN KALLMAN et al., Respondents. (Action No. 1.) IRWIN KALLMAN, Respondent, v SANFORD SANDELMAN et al., Appellants. (Action No. 2.)—Order of the Supreme Court, New York County (Louis Grossman, J.), entered December 22, 1987, which denied defendants' motion insofar as it sought dismissal of the complaint and granted it insofar as it sought consolidation of this action with another pending in Supreme Court, New York County, bearing index No. 18000/81, to the extent of directing a joint trial, and denied plaintiffs' cross motion for summary judgment, is unanimously modified, on the law, to deny defendants' motion in its entirety and to grant plaintiffs' cross motion for summary judgment, with costs. The action is remanded to IAS for purposes of preparing documents of title to the railroad cars in question, and ascertaining the amount of rent paid by the lessee of such cars to defendants since January 1, 1987, which amount is to be entered as a money judgment in favor of plaintiffs and against defendants.

The complaint alleges that in a series of transactions between 1970 and 1980 plaintiffs purchased from defendants 36 railroad cars, but that defendants, whose principal acted as plaintiffs' attorney in the transactions, have refused to supply plaintiffs with bills of sale or other appropriate documentation of title. It is further alleged that the cars are subject to a long-term lease, but that the lessee has refused to pay the rental to plaintiffs, and has continued to pay the rental to defendants, because of plaintiffs' inability to document their title. Injunctive relief is sought restraining defendants from selling the

cars and directing them "to execute and deliver such documentation as may be necessary to reflect the sole and undisputed title by plaintiffs in the Cars". In addition, plaintiffs seek to have defendants account for the moneys received by them in leasing the cars, and ask for a money judgment in that amount.

The argument revolves primarily around the meaning and effect of a writing signed by the parties in 1981 wherein they acknowledged that together they owned a total of 73 railroad cars, and that of these plaintiffs owned 36 and defendants 37. The writing further expressed the parties' intention to "assemble all information with respect thereto so that documents of title may be acquired or transferred to the end that each of them will have adequate evidence that [plaintiff] Sandelman or his nominee is the sole owner of said 36 cars, and [defendant] Kallman or his nominee is the sole owner of said 37 cars." Such information was to be furnished to a third person, apparently a neutral intermediary, who was designated to "accomplish the foregoing". We think it clear that by this writing the parties agreed as to the number of cars owned by each, but, because the cars are not interchangeable, left open for future proof and clarification the particular 36 that had been purchased by plaintiffs.

So-called "closing statements" prepared by defendants for plaintiffs and describing by "PSPX" number the cars sold by defendants to plaintiffs were adequate to identify the particular 36 that had been sold. Nevertheless, IAS denied plaintiffs' cross motion for summary judgment on the ground that it could not ascertain whether the agreement called for a "mutual exchange of documents". In so holding, IAS accepted as plausible defendants' argument that by virtue of the 1981 agreement they did not have to furnish plaintiffs with bills of sale or other appropriate documentation of title until plaintiffs first assembled such information as they had about the transactions and furnished it to the intermediary. That the writing of 1981 does call for an exchange of information and documents is clear, but to what purpose this provision is invoked by defendants, and how they have been harmed by plaintiffs not having given any information or documents concerning the transactions to the intermediary, is never explained. Exactly what information or documents defendants require from plaintiffs such that their own title to the 37 cars might be adequately evidenced is a matter left to speculation; nor does it appear that at any time during the parties' course of dealing did defendants ever express a need for any particu-

lar information or documents. It simply appears that at the time of the 1981 agreement, defendants, for unexplained reasons, anticipated a need for information or documents in plaintiffs' possession, which never arose. In asserting plaintiffs' nonperformance of a condition whose performance never became necessary to effectuate the parties' expressed intent that each should be provided with documents of title adequate to evidence their respective ownership interests in the cars, defendants do nothing more than raise "[a] shadowy semblance of an issue" *(Hanrog Distrib. Corp. v Hanioti,* 10 Misc 2d 659, 660).

As plaintiffs are the owners of the cars, there is no reason why they should not be entitled to the rent paid for their leasing. Accordingly, we remand to IAS for a determination of the amount of the rent attributable to the cars owned by plaintiffs but paid by the lessee to defendants. Finally, our grant of summary judgment to plaintiffs renders academic that branch of defendants' motion which sought consolidation of this action with another pending between the parties involving properties other than the railroad cars. Concur— Kupferman, J. P., Sullivan, Ross and Wallach, JJ.