(January 23, 1992)

CLAIRE S. MARA, Appellant, v PURITAN FASHIONS CORPORATION, Also Known as CALVIN KLEIN SPORT, INC., Respondent.

From 1953 to 1977 plaintiff was employed by the defendant

corporation, specifically the Domani Knits Division, as a fashion designer. By letter dated June 28, 1973, Sam Rubenstein, then vice-president and chief financial officer of the defendant corporation stated as follows:

"We hereby acknowledge that the Domani Knits Division of Puritan Fashions Corporation owes you [plaintiff] additional compensation of $11,000 for 1971 and $18,000 for 1972.

"At your election, the Company will undertake to develop a deferred compensation program for the purpose of paying you the above-mentioned amounts. Such program must be satisfactory to both yourself and the Company."

Plaintiff contends that she had a verbal agreement with Rubenstein, Carl Rosen, then president of Puritan, and her supervisor Harry Ruchman that the money would be paid to her upon demand and would bear the legal rate of interest from June 28, 1973, to the date of payment. Accordingly, by letter from plaintiff's counsel dated December 15, 1988, plaintiff made her demand. By letter dated December 30, 1988, counsel for defendant responded that the company did not recognize the validity of the claim. Hence, this law suit was commenced by plaintiff. Defendant sought dismissal of the complaint on the grounds that the claim was barred by the statute of limitations and the statute of frauds. The motion was denied by order dated August 18, 1989 (Irma Vidal Santaella, J.), in reliance upon, *inter alia,* CPLR 206 (a) (2)* and the conclusion that plaintiff's monies had been converted into a loan. The IAS court did not decide plaintiff's informal cross-motion for summary judgment. Defendant did not appeal the denial of its motion to dismiss and plaintiff formally brought her motion for summary judgment.

The motion court denied plaintiff's motion for summary judgment on the grounds that "the mere passage of time during which plaintiff made no demand for the money raises some doubts about the validity of the claim." The court concluded that these doubts regarding a "stale claim" precluded summary judgment. Plaintiff now appeals the denial of her motion for summary judgment.

---

* CPLR 206 (a) (2) states in pertinent part:

"Except as provided in article 3 of the uniform commercial code, where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete, except that * * *

"where there was a deposit of money to be repaid only upon a special demand * * * the time within which the action must be commenced shall be completed from the demand for repayment or return."

There is uncontrovertible evidence in the record establishing plaintiff's $29,000 claim against defendant. The June 28, 1973 letter expressly acknowledged the $29,000 obligation. The letter, prepared on company stationery, was signed by the defendant's vice-president and chief financial officer, Sam Rubenstein. By affidavit dated April 7, 1989, submitted on behalf of plaintiff, Rubenstein stated that company president Rosen had authorized the bonuses and the confirmation letter to plaintiff and that as of 1984 plaintiff had not been paid. Defendant has no records whatsoever prior to 1979 and its subsequent records fail to substantiate plaintiff's claims, whether she was paid the $29,000, or even if she was ever employed by defendant. By affidavit dated October 1, 1990, submitted on behalf of defendant, Rubenstein again acknowledged that he prepared the June 28, 1973 letter at Rosen's direction. However, Rubenstein denied therein any agreement that plaintiff could demand payment at any time or that she would be paid interest. Plaintiff's contentions were further supported by her own affidavits and that of Harry Ruchman, dated April 9, 1989. Neither of the parties submitted an affidavit by Rosen because he died in 1983.

Based upon this record, we find that there is no triable issue of fact as to plaintiff's claim for $29,000 and, therefore, grant plaintiff summary judgment and award that amount. *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338 [1974].) There is a triable issue of fact as to whether interest was to be paid. *(Supra.)* Accordingly, we remand the matter for further proceedings as to plaintiff's right to recover interest, at what rate, and as of what date, from the defendant. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.