■ LUCIUS R. BOLEY, Respondent, v PAVARINI CONSTRUC-
TION CO., INC., Appellant. [607 NYS2d 262] —Order, Supreme
Court, New York County (Carol Huff, J.), entered June 17,
1992, which, insofar as appealed from, denied defendant Pa-
varini's motion pursuant to CPLR 3212 for summary judg-
ment dismissing the first cause of action of the complaint,
unanimously affirmed, with costs.

Plaintiff, a licensed professional engineer engaged, *inter
alia,* in the placement and supervision of contracts for the
construction of buildings, commenced the underlying action
against defendant Pavarini, a general contracting and con-
struction management company, seeking to recover damages
for breach of an express written contract between the parties,
dated October 10, 1985, and compensation for professional
services that the plaintiff allegedly rendered to Pavarini un-
der the parties' agreement in securing construction contracts
for Pavarini to build on a 42-acre site in Huntington, New
York.

The IAS Court properly determined that summary judg-
ment dismissing the plaintiff's first, and only remaining, cause
of action for breach of contract was precluded by triable issues
of fact as to what extent, if at all, plaintiff's efforts were
instrumental in the award to defendant Pavarini of two
building contracts on the construction site and as to whether
defendant Pavarini had frustrated the plaintiff's ability to
complete the contract.

Plaintiff contends that the facts support a determination
that he entered into a written agreement with defendant
Pavarini pursuant to which the plaintiff was to be paid a
commission if Pavarini obtained a construction contract on
the particular site involved, regardless of who ultimately
owned the property or let the contract; that the plaintiff was
entitled to compensation under the agreement because he was
the procuring cause of Pavarini's construction contracts with
the new construction site owners, Norstar Bank and Noth-
ville/GAI, and, in the alternative, asserts that if he was not
the procuring cause of the construction contracts, it is only
because defendant Pavarini prevented him from fulfilling his
contractual obligations.

In sharp contrast, defendant Pavarini contends that the
plaintiff was not the procuring cause of the contracts awarded
to Pavarini on the site and was therefore not entitled to any
compensation and that plaintiff's contention that Pavarini
frustrated the contract by preventing the plaintiff from negoti-

ating with the new site owners has no factual support in the record.

With respect to the first cause of action, the parties failed to satisfy their burden on their respective motion and cross motion for summary judgment, as a matter of law, by tendering sufficient evidence to eliminate any material issues of fact from the case with respect to the plaintiff's entitlement to compensation as the procuring cause of Pavarini's contracts and as to whether Pavarini had, in bad faith, frustrated the plaintiff's ability to complete the contracts *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853), particularly where, as here, the conflicting affidavits of the parties and their representatives, based upon personal knowledge of the underlying commercial dispute, which raise issues of credibility, indicate that genuine material issues of fact exist requiring a trial on the first cause of action for breach of contract *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.