■ WILLIAM R. MILLER, Respondent, v BROWN HARRIS STEVENS, INC., Appellant. [617 NYS2d 773] —Order and judgment (one paper) of the Supreme Court, New York County (Karla Moskowitz, J.), entered January 7, 1994, which granted plaintiff's motion for partial summary judgment against defendant, is unanimously reversed, on the law, and plaintiff's motion is denied, with costs and disbursements payable to defendant-appellant.

Plaintiff was the President and a Director of the defendant corporation, Brown Harris Stevens, Inc. Harry and Leona Helmsley were officers of the corporation and comprised a majority of its Board of Directors. The Helmsleys discovered that plaintiff had entered into leases setting up additional offices for the corporation allegedly in direct defiance of a prior determination of its Board that no additional office was to be opened. Moreover, they found out that plaintiff had expended in excess of two million dollars belonging to Helmsley Enterprises to renovate those new offices. As a consequence of these alleged acts, plaintiff was relieved of his duties and thereafter he was terminated.

In response to plaintiff's motion for summary judgment on that part of his claim based upon monies owed for services rendered prior to the date of his termination, defendant submitted an affidavit from Leona Helmsley and an affidavit from Jack Weaver, another officer of the defendant corporation. These affidavits conflicted with the affidavits submitted by plaintiff in support of his motion, as to the reasons for plaintiff's discharge. The affidavits submitted by defendant in opposition to plaintiff's motion asserted that he was termi-

nated "for cause", because of his alleged disloyalty and the breach of fiduciary duties owed to defendant as his employer.

However, instead of finding that issues were present which had to be resolved at trial, the IAS Court determined the credibility of the respective affiants, forthwith. This was erroneous. "On a motion for summary judgment the court is not to determine credibility, but whether there exists a factual issue" *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

Further, plaintiff's assertion that defendant is precluded from raising the defenses set forth because it did not assert a counterclaim seeking its alleged damage, is without merit. If an employee's unfaithfulness in the performance of his services is the reason for his termination, that would be sufficient as a defense against a claim for pay and the employer need not assert a counterclaim for damages. In fact, it would be a defense even if the principal-employer suffered no provable damage as a result of the breach of fidelity by the agent-employee *(Feiger v Iral Jewelry,* 41 NY2d 928). Concur—Rosenberger, J. P., Wallach, Asch and Tom, JJ.