■ ROBERT DUBIEL, Respondent-Appellant, v PARKCHESTER MANAGEMENT CORP. et al., Respondents, and PARKCHESTER SOUTH CONDOMINIUM et al., Appellants-Respondents. (And a Third-Party Action.) [727 NYS2d 413] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 13, 2000, which granted the motion of defendants-respondents Parkchester Management Corp. and Parkchester Apartments Company for summary judgment dismissing the complaint as against them and denied the cross motion for summary judgment dismissing the complaint of defendants-appellants-respondents

Parkchester South Condominium and Parkchester South Condominium, Inc., unanimously modified, on the law, to grant the cross motion for summary judgment dismissing the complaint against defendants-appellants-respondents, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants-respondents dismissing the complaint as against them.

The complaint alleges that plaintiff's decedents, Pauline and Victor Dubiel, were injured in the hallway of their building when they were struck by an elevator door. The Dubiels, however, both died before they could be deposed, and there is no competent evidence in the record as to how the alleged accident occurred. Although plaintiff states that there is a witness to the alleged accident, plaintiff did not, in opposing appellants' cross motion, submit an affidavit of the claimed witness, but instead merely set forth the substance of the witness's anticipated trial testimony. An attorney's bald assertion of what will be testified to at trial is insufficient to raise a triable issue of fact (*see, Cabrera v Ferranti*, 89 AD2d 546, *appeal dismissed* 67 NY2d 869). Accordingly, in view of plaintiff's failure to raise a triable issue as to whether the decedents' harm was attributable to the negligence of any of defendants, the complaint should have been dismissed in its entirety. Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.