■ SHEILA L. HOOKE, Respondent, v SPEEDY AUTO CENTER, Respondent, and BRUCKNER AUTO PARTS, INC., Appellant. [772 NYS2d 19]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about August 20, 2001, which denied the motion by defendant Bruckner Auto Parts, Inc. for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Bruckner Auto Parts, Inc. dismissing the complaint and all cross claims as against it.

In July 1996, plaintiff brought her car to defendant Speedy Auto Center (Speedy) because she heard a "grinding" noise emanating from the front wheels. Speedy advised her that the car needed new hub bearings on the front wheels. Plaintiff brought the car back to Speedy on or about August 2, 1996, at which time certain repairs were made. After plaintiff picked the

car up, she heard a "clickety" noise coming from the front wheels. She subsequently brought the car back to Speedy, but the mechanic who examined it said that he could not find anything wrong with the vehicle. Thereafter, the "clicking" noise continued, and plaintiff also perceived "a slight shimmying kind of sensation" during turns. Ultimately, while plaintiff was driving her car on November 5, 1996, the vehicle began swerving, spun out of control, and crashed.

Plaintiff initially commenced this personal injury action against Speedy alone. At the deposition of Robert Keeler, who appeared on behalf of Speedy, an invoice for the work Speedy performed on plaintiff's car was produced, which indicated that the vehicle's front wheel bearings had been replaced. On this invoice, the word "Bruckner" appears in parentheses after the phrase "front wheel bearings." Keeler testified that he believed that, for a wheel bearing replacement, Speedy would have sent the car's knuckle hub assembly to a "machine shop" known as "Bruckner Auto Parts" to have a new bearing pressed. Keeler did not give an address for "Bruckner Auto Parts" (when asked, he said it was located "[i]n the Bronx"), did not recall whether there were any other places to which Speedy sent knuckle hub assemblies, and did not give the name of anyone he dealt with at "Bruckner Auto Parts."

In May 1999, after Keeler's deposition, plaintiff served and filed an amended complaint naming Bruckner Auto Parts, Inc. (BAP) as an additional defendant in this action. Joseph Metrovich, BAP's president, testified at his deposition that BAP did not sell wheel assemblies or hub bearings, and did not install ball bearings into wheel assemblies. According to Metrovich, BAP's sole business was the sale of auto parts; BAP did not perform any installation or attachment of parts to vehicles, and did not even have the machinery required to install auto parts into vehicles. For example, Metrovich testified that BAP did not own a press, which Keeler had testified is the machine that was needed to do the work that was required on the knuckle hub assembly of plaintiff's car. The only transaction between BAP and Speedy that Metrovich could recall was the sale of an exhaust pipe in 1995. Metrovich searched BAP's records and found no record of any dealings with Speedy in 1996, although he acknowledged that the records from that period may have been destroyed in the ordinary course of business due to the passage of time. Finally, Metrovich testified that he knew of an entity named Bruckner Auto Collision, also located in the Bronx, which was about four miles closer to Speedy than was BAP.

On this record, BAP was entitled to summary judgment

dismissing it from the action. Metrovich's testimony established that BAP simply was not in the business of automotive repair, and did not even have the machinery required to perform the repair that was made to plaintiff's vehicle. In the face of Metrovich's detailed and competent testimony to this effect, plaintiff and Speedy failed to adduce any evidence sufficient to raise a triable issue of fact as to whether BAP was involved in the repair of plaintiff's car. Critically, Speedy did not produce any contemporaneous documentary evidence corroborating Keeler's testimony that plaintiff's knuckle hub assembly had been sent to "Bruckner Auto Parts," as opposed to another automotive business in the Bronx with the word "Bruckner" in its name. In view of Metrovich's uncontradicted testimony that an establishment known as "Bruckner Auto Collision" was located miles closer to Speedy than BAP, the reference to "Bruckner" on Speedy's invoice to plaintiff provided no corroboration to Keeler's testimony identifying BAP, years after the fact, as the vendor that made the repair. Because such uncorroborated, and authoritatively refuted, testimony gave rise to nothing more than a "shadowy semblance of an issue" (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974], quoting *Hanrog Distrib. Corp. v Hanioti*, 10 Misc 2d 659, 660 [1945]), it was insufficient to defeat BAP's well-supported motion for summary judgment. Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Friedman, JJ.