■ JOSEPHINE GORDIAN, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. [876 NYS2d 39]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered September 26, 2008, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and plaintiff's cross motion to amend the bill of particulars denied as academic. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was injured when, while stepping on a manhole cover, the cover flipped open causing plaintiff to fall into the hole; plaintiff also felt "something hot" emanate from the opened hole. Defendants did not own or operate the subject manhole cover, which capped a chute through which coal was delivered into a basement storage room in the early days of a school.

Defendants' motion should have been granted, as the evi-

dence demonstrates that although defendants were performing work on the same street as plaintiff's accident and plaintiff felt "something hot" emanate from the hole when the manhole cover flipped open, the work performed consisted of the boring of holes in the street pavement a considerable distance from the subject manhole cover. No evidence was adduced that the work could have caused steam to escape and built up an amount of pressure in the coal chute capable of loosening the manhole cover enough so that it would flip open if a pedestrian stepped on it. Nor is there any evidence that the manhole cover was dislodged by defendants' workers during the course of their work. Accordingly, plaintiff offers no more than "[a] shadowy semblance of an issue," which is insufficient to defeat the summary judgment motion (*S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974] [internal quotation marks and citation omitted]).

Furthermore, contrary to plaintiff's contention, the affidavit offered by a senior specialist in defendants' Steam Distribution Department in reply to plaintiff's opposition should not be disregarded. The main motion papers disposed of plaintiff's original theory, which was that defendants owned or controlled the subject manhole, and the affidavit in question was introduced to counter the theory newly offered on plaintiffs' cross motion to amend her bill of particulars, which was that steam service work performed by defendants had been a proximate cause of the accident. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.