OVERSEAS RELIANCE TOURS & TRAVEL SERVICE, INC., Appellant, v. SARNE CO., INC., et al., Respondents.

First Department, February 5, 1963.

*Murray J. Richmond* of counsel (*Levine & Greenberg,* attorneys), for appellant.

*Herbert S. Podell* of counsel (*Podell & Podell,* attorneys), for respondents.

*Per Curiam.* Plaintiff appeals from the denial of its motion for summary judgment, made under rule 113 of the Rules of Civil Practice, in an action for the price of air line tickets sold and delivered.

The arrangements for the sale of the tickets were made by an old acquaintance of the individual defendants. He did not disclose that he was the agent for anyone. According to plaintiff, he was its sales agent, without authority to receive payment. Defendants paid the purported agent in full, one day before the tickets were delivered by plaintiff together with a bill for the full price. The authenticating stamp on the tickets included plaintiff's name. It is undisputed, according to the briefs, that the purported agent absconded with the payment.

On the present showing, the situation is the rare one in which summary judgment properly should be denied because critical facts are exclusively and peculiarly within the knowledge of the moving party.

This exception to the requirement that the opposing party raise an issue of fact by his own evidentiary averments is seldom available. Summary judgment is not to be denied where the opposing party merely establishes ignorance of some relevant, even critical, fact. It must also appear that the ignorance is unavoidable; that the opposing party is unable, through any reasonable means, to discover the truth now. Such an instance arises when, from the circumstances, proof of the facts is, of necessity, available only to movant, and is not available to his adversary. (*Brooklyn Clothing Corp.* v. *Fidelity-Phenix Fire Ins. Co.,* 205 App. Div. 743, 748; *Suslensky* v. *Metropolitan Life Ins. Co.,* 180 Misc. 624 [SHIENTAG, J.], affd. 267 App. Div. 812; accord, *Kamen* v. *Metropolitan Life Ins. Co.,* 6 A D 2d 406, affd. 6 N Y 2d 737; see Tripp, A Guide to Motion Practice [rev. ed.], § 95, subd. 6; 5 Carmody-Wait, New York Practice, pp. 144–146, especially 145.)

Thus, the late Mr. Justice SHIENTAG in his authoritative monograph, Summary Judgment, stated (p. 83):

" Since the rule was aimed against defenses that are feigned and not genuine, it follows that a defendant's genuine lack of knowledge of the facts constituting the plaintiff's claim is ground for a denial of the motion. If the facts on which the application for summary judgment is based are exclusively within the

knowledge of the moving party, the relief asked for will be denied. If this were not so, summary judgment would be a perversion of justice, instead of in furtherance thereof.

" The answering affidavit should disclose this situation clearly. It should set forth enough to show that, in truth, the opposing party has no knowledge of the essential facts and that the situation is such that he could not reasonably be expected to have such knowledge. It should set forth, for example, what efforts were made to ascertain the facts, and with what result. If the facts are available to the opposing party by investigation or inquiry on his part, his plea of lack of knowledge would be without force. So, too, if the facts are matters of public record." (See CPLR, rule 3212, subd. [f], eff. Sept. 1, 1963.[1])

In the instant case plaintiff alleges, on its say-so, that the " seller " was its agent and that he had no authority to receive payment. It is not divulged whether he was authorized to conceal the alleged agency, or by what precedent arrangements plaintiff delivered the tickets ordered through the purported agent. Moreover, plaintiff's arrangements, oral or written, with the purported agent are not set forth. Even if they were, where movant is the exclusive possessor of knowledge of the arrangements, and for this purpose, the absconder's knowledge has no relevance, defendants would be entitled to put plaintiff to its proof upon a trial, subject to oral examination and cross-examination. Indeed, defendants do not know, and reasonably cannot ascertain, if there had been an agency at all, let alone the limits of that agency upon which the effect of the payment to the agent might well depend.

Consequently, the troublesome question whether payment to the purported agent would be a complete defense to the action, may not now be reached (see 3 Am. Jur. 2d, Agency, §§ 425–327; Undisclosed Principal — Defenses, Ann. 53 A. L. R. 414, 422–430).

---

1. CPLR, rule 3212 (subd. [f]) provides: "Facts unavailable to opposing party. Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had or may make such other order as is just." The pivotal words are " cannot then be stated." Obviously, the inability to state relevant facts is not determined by the opposing party's voluntary inaction. The legislative history attributes the terminology to Rules of Civil Procedure for United States District Courts (rule 56, subd. [f]) (see First Preliminary Report of the Advisory Committee on Practice and Procedure [N. Y. Legis. Doc., 1957, No. 6(B), p. 90]). Cases interpreting the Federal rule indicate that the law is substantially the same in the Federal courts as it has been here (e.g., *Schneider* v. *McKesson & Robbins, Inc.,* 254 F. 2d 827, 830–831 [C. A. 2d]; *Lata* v. *New England Mut. Life Ins. Co.,* 68 F. Supp. 542, 545 [S. D. N. Y.]).

The order, entered July 30, 1962, denying plaintiff-appellant's motion for summary judgment, should be affirmed, with costs to defendants-respondents.

BREITEL, J. P., RABIN, VALENTE, STEVENS and NOONAN, JJ., concur.

Order, entered on July 30, 1962, unanimously affirmed, with $20 costs and disbursements to respondents.