(November 13, 1984)

■ SALVATORE LO BREGLIO et al., Respondents, v FLORA S. MARKS et al., Appellants, and JACOB H. SCHIFF CENTER, Respondent. — Order entered July 6, 1983 in Supreme Court, Bronx County (Anthony J. Mercorella, J.), denying defendants-appellants' motion for summary judgment, is unanimously reversed, on the law, and the motion is granted, without costs.

This is a negligence action to recover for personal injuries sustained by a police officer acting in the line of duty, allegedly while on defendants' property. The officer's wife sues derivatively for loss of services. Defendants-appellants own the Valentine Theatre on Fordham Road and defendant Jacob H. Schiff Center owns an abutting property. The facts, as related by plaintiff under examination before trial (EBT), are simply stated and, so far as we can determine, not significantly disputed.

In the early morning hours of August 23, 1977, plaintiff and his superior officer, Sergeant Dick, responded to a call of a "burglary in progress" at an address adjacent to the theater. Because of the sergeant's familiarity with the locale, the officers knew there was a backyard area behind the Valentine Theatre,

the Schiff Center and the stores facing into Fordham Road; access to this area was possible through an alleyway of the theater, and to this end the officers knocked at the theater door for the night porter. In short time they were admitted and led through the theater to the alleyway. Proceeding to the rear they came upon a rocky area topped by a masonry wall, on the other side of which was the backyard they sought. The sergeant scaled the wall first and then plaintiff "vaulted" over. Although he landed safely, on his first step plaintiff stepped on a soda or beer can, stumbled and fell, sliding eight or nine feet down an incline and coming to rest two or three feet from the rear of the Schiff Center. Two other officers who came to assist carried him out and took him to the hospital.

The legal issue thus presented by plaintiffs' complaint was whether the owner of the backyard was negligent in failing to keep the area clean, well lit and free of debris; i.e., in a reasonably safe condition. While plaintiffs and defendant Schiff Center have also urged a duty relative to the maintenance of the wall and a duty of the theater owner to warn the officers of potentially dangerous conditions on the other side of the wall, by plaintiff's own testimony we find these to be factually impossible and, therefore, legally untenable.

Hence, the threshold factual determination must be the ownership of the backyard area into which plaintiff vaulted. Realizing this, the Valentine Theatre defendants moved for summary judgment and provided the court with: the survey of record, which clearly showed the "rocky area" boundary to the theater's property; plaintiff's EBT testimony (as summarized above); the EBT testimony of the theater manager; plaintiff's own photographs of the wall area in question; and counsel's affirmation in support of the motion.

In opposition, plaintiffs submitted a memorandum of law, unaccompanied by even the merest affidavit or affirmation by a party with knowledge of the facts. Defendant Schiff Center did oppose by an affirmation of its attorney, but offered no evidence in rebuttal to the theater defendants' showing. The court denied the motion, finding questions of fact "as to where the officer was injured among other issues". This was error and we reverse.

It has been said that summary judgment is the procedural equivalent of trial (*Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338), with both parties required to lay bare their proof, and therefore a "shadowy semblance of an issue is not enough to defeat the motion." (*Hanrog Distr. Corp. v Hanioti*, 10 Misc 2d 659, 660.) Thus, conclusory allegations even if believable, are

insufficient. (Cf. *Freedman v Chemical Constr. Corp.*, 43 NY2d 260 [per Breitel, Ch. J.].) Summary judgment *must* be granted where it appears that the party defending against the motion has made no reasonable attempt to ascertain the facts, as here. (Cf. *Tausig & Son v Providence Washington Ins. Co.*, 28 AD2d 279, 281 [per Rabin, J.].) Ownership of the "backyard" area is clearly a matter of public record, and plaintiffs' asserted ignorance of the authenticity or accuracy of defendants' 1928 survey map has not been shown to be unavoidable. In other words, the plaintiffs and the Schiff defendant have failed to show that they took reasonable means to discover facts at variance with the defendants' survey map. (Cf. *Overseas Reliance Tours & Travel Serv. v Sarne Co.*, 17 AD2d 578.) Accordingly, the order appealed from should be reversed and the motion granted. Concur — Murphy, P. J., Ross, Carro, Milonas and Alexander, JJ.