■ BEATRICE KENWORTHY, Respondent, v TOWN OF OYSTER BAY, Appellant, and COUNTY OF NASSAU, Respondent.—In a negligence action to recover damages for personal injuries, defendant Town of Oyster Bay appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered July 25, 1984, which denied its motion for summary judgment dismissing the complaint as against it.

Order reversed, on the law, with costs payable by defendant-respondent, motion granted, and complaint dismissed, insofar as it is asserted against defendant Town of Oyster Bay.

On February 15, 1983, the plaintiff, Beatrice Kenworthy, who was then 72 years of age, slipped and fell on a mound of snow in front of premises at 7 Jackson Avenue, Syosset, New York. The plaintiff allegedly sustained serious injuries as a result of the fall.

On or about December 2, 1983, plaintiff commenced the instant action, naming the Town of Oyster Bay and the County of Nassau as party defendants. She alleged in her complaint that these defendants were negligent, *inter alia,* in permitting snow and ice to accumulate on the roadway and in failing to give notice of the hazardous condition.

After issue was joined, the town moved for summary judgment dismissing the complaint insofar as it is asserted against it, based upon its lack of ownership, occupation, or control of the premises where plaintiff fell. Plaintiff, in opposition to the motion, asserted that she was unable to ascertain which defendant was obligated to maintain the roadway, and that the granting of summary judgment, at this juncture, would, therefore, be inappropriate. The county also opposed the motion on the ground that the facts pertaining to the town's responsibility for the maintenance of particular roadways were within the town's exclusive possession. The county accordingly requested that the motion be denied pending the completion of discovery.

Special Term concluded that it would not be proper to grant summary judgment in advance of pretrial proceedings and accordingly denied the town's motion. We disagree.

A party who claims ignorance of critical facts to defeat a motion for summary judgment *(see,* CPLR 3212 [f]) must first demonstrate that "the ignorance is unavoidable" *(Overseas Reliance Tours & Travel Serv. v Sarne Co.,* 17 AD2d 578, 579) and that reasonable attempts were made to discover the facts which give rise to a triable issue. The opponents of the instant motion failed to submit any facts to dispute or impeach the information provided by the town supporting its denial of ownership and control over the premises upon which plaintiff was injured. Furthermore, these opponents did not even indicate whether any efforts were made to discover the identity of the party responsible for the maintenance of said premises *(see, Lo Breglio v Marks,* 105 AD2d 621, *affd* 65 NY2d 620; *Mounier v Caristo Constr. Co.,* 106 AD2d 434).

In view of the fact that plaintiff slipped and fell on a public roadway, and the information pertaining to ownership would not likely be in the sole and exclusive possession of the town, but would be a matter of public record, we conclude that Special Term erred in denying the town's motion for summary judgment dismissing plaintiff's complaint as against it. Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.