ILLUMALIGHTS MANUFACTURING, INC., Respondent, v NEO-RAY PRODUCTS, INCORPORATED, Appellant, et al., Defendant.

The plaintiff seeks to recover damages for goods sold and delivered. After issue was joined, it moved for partial summary judgment on its 23rd cause of action seeking to recover for 107 separate sales to the defendant Neo-Ray Products, Incorporated (hereinafter Neo-Ray). In support of its claim, the plaintiff submitted delivery and trucking receipts for goods delivered which listed Neo-Ray's purchase order numbers. In addition, as to deliveries for which Neo-Ray claimed payment, the plaintiff submitted its payment ledger. In opposition to the motion Neo-Ray submitted an affidavit of its president, Leon Cohen. Cohen stated in the affidavit that the ledger submitted by the plaintiff appeared to have been changed and the invoices submitted appeared to have had notations of payment obliterated. There was no evidentiary showing of payment by Neo-Ray by means of canceled checks, payment records, or any other form. In opposing a motion for summary judgment a party must lay bare its proof to demonstrate the existence of a genuine material issue of fact *(Hartford Acc. & Indem. Co. v Coastal Dry Dock & Repair Corp.,* 97 AD2d 724, *affd* 62 NY2d 924).

Neo-Ray also argued that it was unable to refute the plaintiff's claims because its purchase orders were in the plaintiff's possession. In Neo-Ray's second amended answer it raised the affirmative defense of payment as to 93 items and of nondelivery as to 14 items. This claim of payment demonstrated that Neo-Ray had available records with respect to the transactions. To support its claim of delivery of the 14 items, the plaintiff submitted the trucking and delivery slips it had. These listed Neo-Ray's purchase order numbers. Neo-Ray did not state what efforts it had made to discover the facts it needed to give rise to a triable issue, or why it was unable to determine delivery notwithstanding the fact that the plaintiff had furnished Neo-Ray with its purchase order numbers. Under these facts, Neo-Ray has failed to demonstrate ignorance of the critical facts it claims it needed to oppose the motion for partial summary judgment *(Kenworthy v Town of Oyster Bay,* 116 AD2d 628). Mollen, P. J., Mangano, Weinstein and Niehoff, JJ., concur.