■ ANA RODRIGUEZ, Plaintiff, v CITY OF NEW YORK et al., Defendants, and PEARL TILLARY COMPANY, Defendant and Third-Party Plaintiff-Respondent. AMERICAN SAFETY RAZOR COMPANY, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from (1) an order of the Supreme Court, Kings County (Duberstein, J.), dated February 9, 1987, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the third-

party complaint, and (2) an order of the same court, dated April 24, 1987, which denied its motion for summary judgment and for the imposition of costs and attorney's fees pursuant to CPLR 8303-a.

Ordered that the order dated February 9, 1987 is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated April 24, 1987 is modified on the law, by deleting therefrom the provision denying that branch of the third-party defendant's motion which was for summary judgment, and substituting therefor a provision granting that branch of the motion and thereupon dismissing the third-party complaint; as so modified, the order is affirmed, without costs or disbursements.

On November 15, 1984, the plaintiff, Ana Rodriguez, was injured when she fell on the sidewalk abutting the premises at 80 DeKalb Avenue. Her complaint alleged that the fall was due to a defective condition in the sidewalk "in that there were holes, breaks and/or crevices on said sidewalk area which were traps likely to cause a person to be thrown to the ground". The complaint was served upon the City of New York, Pearl Tillary Company (hereinafter Tillary) and Bartons Candy Corporation. Prior to Tillary's appearance in the action, Bartons Candy Corporation moved for summary judgment dismissing Rodriguez's complaint as against it. We note here that prior to the service of the motion papers Bartons Candy Corporation merged with the American Safety Razor Company (hereinafter American Safety). The motion was predicated upon American Safety's unrefuted contention that it had no connection with the subject premises on the date of the accident, having delivered the building to Tillary, the landlord, on or about July 15, 1984, in broom-clean condition as required by the parties' surrender and acceptance agreement. By order dated March 31, 1986, the Supreme Court, Kings County (Duberstein, J.), granted American Safety's motion for summary judgment dismissing Rodriguez's complaint. A default judgment was subsequently entered against Tillary although the default was later waived.

On or about November 3, 1986, Tillary commenced a third-party action against American Safety seeking, *inter alia,* judgment over against American Safety with respect to any recovery by the injured plaintiff. American Safety's motion for dismissal of the third-party action on the ground of res judicata or collateral estoppel was denied by an order of the Supreme Court, dated February 9, 1987. Shortly thereafter, American Safety moved for summary judgment and sought

costs and attorney's fees of $2,500 as a result of the frivolous third-party action (see, CPLR 8303-a [a]). The motion was denied by an order of the same court dated April 24, 1987. American Safety now appeals from the orders denying its motions to dismiss the third-party complaint and for summary judgment in the third-party action.

The doctrines of res judicata and collateral estoppel cannot be invoked against one who was not a party to the first action (Siegel, NY Prac §§ 443, 458). The motion made by American Safety which resulted in the order of March 31, 1986, granting summary judgment, sought relief solely against the plaintiff Rodriguez. To preclude Tillary from any further litigation emanating from the underlying claim on the basis of an award of summary judgment to American Safety against Rodriguez would be patently unjust. Accordingly, the denial of the motion by American Safety to dismiss the third-party complaint pursuant to CPLR 3211 (a) (5) was proper.

However, in opposing the motion by American Safety for summary judgment in the third-party action, Tillary merely noted that "there remains the questions of what condition caused the claimed fall, how long such claimed conditions may have existed before the accident and who was responsible for the condition arising and/or continuing". Under the circumstances, there was no basis upon which a trier of fact could properly conclude that American Safety had created the condition complained of (see, Ciaccio v Germin, 138 AD2d 664). Moreover, Tillary has failed to indicate that any reasonable attempts were made to ascertain facts giving rise to triable issues (Lo Breglio v Marks, 105 AD2d 621, 623, affd 65 NY2d 620; Balmir v Pollins, 131 AD2d 410; Kenworthy v Town of Oyster Bay, 116 AD2d 628, 629). Nor was this a situation in which pertinent facts essential to justify opposition to the subject motion were within the knowledge and control of the movant (see, Blue Bird Coach Lines v 107 Delaware Ave., 125 AD2d 971). Under the circumstances, the branch of the motion by American Safety which was for summary judgment in the third-party action should have been granted.

We have considered American Safety's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.