OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiffs in this action, claiming that renovation work on the building adjoining theirs had caused damage to their premises and caused them to sustain injuries, nervous shock and trauma, have brought two actions suing the owner of the adjoining premises and 18 other architects, engineers, contractors and materialmen for $2,950,000. Defendant Greco Bros. Ready Mix Concrete Co., Inc. moves to dismiss the claims as against it.
The allegations of the complaint, as amplified by plaintiffs’ bill of particulars, claims against all defendants generally and severally that the renovation, demolition and construction work next door to them damaged their party walls, caused cracks in the interior walls of their premises, damage to chimneys and floors, and weakening of lateral support. Defendant Greco Bros. Ready Mix Concrete Co., Inc. contends that it was strictly a material supplier and had no responsibility for the planning, supervision or renovation of the premises. Defendants’ president, in his affidavit, points out that his corporation is engaged solely in the curbside delivery of ready mixed concrete products to construction sites, but has nothing to do with the use or application of the concrete after delivery. He asserts that such deliveries were made only in December 1985 and January 1986. With the exception of a claim that steel beams were dropped on plaintiffs’ water connections in December of 1985 and that the cracks appeared in their walls because of settling in January 1986, all other claims relate to subsequent damage and to acts allegedly performed by workmen in the course of renovation.
In opposition to the motion for summary judgment, plaintiffs cannot specify any way in which the concrete supplier could be held responsible, except for the general statement that "they obviously played a role in the work done in the adjoining premises.” Plaintiffs urge that the motion for summary judgment should be denied so that there could be complete discovery as to the interrelationship of the engineer, architects, contractors, subcontractors and materialmen.
*189 What plaintiff has done here is to bring a scattergun complaint against anybody who may have played a peripheral role in connection with the renovation of the adjoining structure. Indeed, when 20 different defendants are named as alleged wrongdoers, it is apparent that plaintiff is proceeding on the theory of "shoot first, ask questions later.” It is not appropriate to subject parties to the time and expense of preparing a defense to such an action and participating in 20 depositions so that the plaintiffs can then sort out the facts. Lawsuits are supposed to be brought by people who have complaints, not by people who are hoping to find a basis for a complaint.
Blanket assertions of potential liability without some basis cannot justify an action going forward. On a motion for summary judgment, " '[a] shadowy semblance of an issue is not enough to defeat the motion.’ ” (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341.) Some evidentiary facts must be asserted.
Before parties can claim that a motion for summary judgment should be denied because they are ignorant of the critical facts, they must first demonstrate that their ignorance is unavoidable despite their reasonable efforts to ascertain such facts. (Kenworthy v Town of Oyster Bay, 116 AD2d 628, 629; see also, Murphy Co. v New York Racing Assn. Co., NYLJ, Nov. 26, 1990, at 25, cols 5, 6 [Sup Ct, NY County, Greenfield, J.].)
It would have been more appropriate for plaintiffs to have proceeded against the owners and contractors, and by deposing them first ascertain whether any other parties should be joined as defendants. Naming all conceivable parties and subjecting them to extensive litigation expenses cannot be tolerated. Given the total lack of any facts to connect this materialman to the damage allegedly sustained, the complaint against it must be dismissed. Since there was not the slightest semblance of any basis for joining this party as a defendant, the action against it must be regarded as frivolous, and sanctions of $2,000 will be imposed against plaintiffs pursuant to Rules of the Chief Administrator (22 NYCRR 130-1.2).