◼ LAWRENCE GROSS et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action, inter alia, to recover the proceeds of an insurance policy, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Copertino, J.), entered January 8, 1990, which, upon the plaintiffs' motion for preliminary injunctive relief, converted the action to one for declaratory relief and declared that the plaintiffs are entitled to first-party benefits pursuant to the policy of insurance issued by the defendant to the plaintiff Linda Gross.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to Supreme Court, Suffolk County, for further proceedings consistent herewith.

On April 1, 1989, the plaintiff Lawrence Gross was seriously injured while driving a motor vehicle involved in an accident which resulted in the death of another driver. In accordance with an automobile liability insurance policy issued to the plaintiff Linda Gross, the defendant paid no-fault benefits for Mr. Gross's medical expenses and lost earnings until September, 1989 when Mr. Gross was indicted for what the parties have labeled "common law manslaughter" resulting from the April 1, 1989, accident. Shortly thereafter, the defendant advised the plaintiffs that it was "suspend[ing]" payment of "no-fault" benefits pending resolution of the criminal action. It premised the suspension on a provision of the policy, a copy of which is not included in the record, excluding no-fault protection for injuries sustained while the injured person was

committing an act which would constitute a felony *(see,* Insurance Law § 5103 [b] [3] [i]).

Upon the defendant's refusal to make the no-fault payments, the plaintiffs commenced the instant action, and moved for a preliminary injunction barring the defendant from suspending no-fault benefits, claiming that, because Mr. Gross is unable to work, they cannot pay household bills and their home will be lost to foreclosure. The defendant, which evidently interposed its answer while the motion for a preliminary injunction was pending, opposed the motion, primarily on the ground that plaintiffs failed to demonstrate irreparable injury because they could have but elected not to resolve the dispute through expedited arbitration *(see,* Insurance Law § 5106 [b]).

The Supreme Court determined that plaintiffs brought this action in the "inappropriate form" *(see,* CPLR 103), ruled that declaratory relief was appropriate, and declined to rule on the motion for preliminary injunctive relief. It did not address whether there was a factual issue concerning Mr. Gross's commission of acts which would constitute a felony, but instead found that the "essential facts" were not in dispute, and disposed of the action by declaring that what it characterized as defendant's "disclaimer" was invalid. It held that, as a matter of law, an actual conviction for a felony arising out of the accident rather than a mere unresolved accusation was a prerequisite to denial of first-party benefits pursuant to Insurance Law § 5103 (b) (3) (i) *(but cf., Fafinski v Reliance Ins. Co.,* 65 NY2d 990), which the parties agreed mirrored the language in the exclusion of the policy. There is nothing in the language of Insurance Law § 5103 (b) (3) (i) which limits such an exclusion to an insured who has actually been convicted of a felony *(cf., Fafinski v Reliance Ins. Co., supra),* and since the record does not contain the actual language in the policy, the Supreme Court erred in declaring that the defendant is obligated to pay Mr. Gross first-party benefits. We note, moreover, that as a procedural matter, no final judgment should have been made upon the plaintiffs' motion for a preliminary injunction.

Whether it was necessary or appropriate for the Supreme Court to convert the instant action into an action for a declaratory judgment is not at issue on this appeal. However, even if the plaintiffs brought the action in an improper form, the Supreme Court's decision and its ensuing judgment was neither necessary nor appropriate for its proper prosecution *(see,* CPLR 103 [c]). Indeed, a final judgment may be issued

only after a trial *(cf.,* CPLR 5011; art 32; *Van Arsdale v King,* 155 NY 325; *see, Wood v City of Salamanca,* 289 NY 279, 282; *McCarthy v Troberg,* 275 App Div 139; *Lo Breglio v Marks,* 105 AD2d 621, *affd* 65 NY2d 620) or upon a motion made on adequate notice *(cf.,* CPLR 2214 [a]; *see, e.g.,* CPLR 3211 [c]; 3212 [b]; *Jenkins v Warren,* 25 App Div 569, 570; *see also, Guggenheimer v Ginzburg,* 43 NY2d 268, 272). None of the requisite bases for a final judgment is present here and the judgment is accordingly reversed. Moreover, since the parties on appeal do not address what determination the Supreme Court should have made on the plaintiffs' motion for preliminary injunctive relief, we decline to substitute our discretion for that of the Supreme Court, and instead remit the matter to the Supreme Court for such further proceedings as are under present circumstances appropriate. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.