*363 OPINION OF THE COURT
Marvin E. Segal, J.
By summons and verified complaint served upon the defendant, Town of North Hempstead (hereinafter referred to as the Town), on or about July 20, 1989, the plaintiffs commenced an action to recover damages for personal injuries allegedly sustained by the plaintiff, Helen Newberg, on or about May 24,1989, as a result of a trip and fall. The plaintiff, Gerald Newberg, seeks damages for the loss of services, society and consortium of his wife, plaintiff, Helen Newberg.
The complaint alleges that at approximately 54 feet north of the entrance to the premises known as 444 Middle Neck Road, Great Neck, New York, the plaintiff, Helen Newberg, "was caused to trip and fall over the raised, depressed, and uneven public sidewalk, and to be violently propelled to the ground due to the negligence and carelessness of the defendants, their agents, servants, and/or employees, causing her to sustain injuries”.
The Town moves for an order granting summary judgment dismissing the complaint on the ground that the situs of the alleged accident was not owned, operated, managed, maintained or controlled by the Town. In support of this contention, said defendant has submitted an affidavit sworn to on August 9, 1990, by Sandalo Simonetti, the Highway Maintenance Supervisor for the Town of North Hempstead. Said affidavit indicates that upon review of the official books, maps, papers and public records on file in his office, Mr. Simonetti determined that the sidewalk alongside the property known as 444 Middle Neck Road, Great Neck, New York, was not owned, operated, managed, maintained or controlled by the Town. In addition, said defendant has submitted the affidavit of Henry D. Stuffing, Commissioner of Public Works of the Town of North Hempstead, sworn to on August 6, 1990. Mr. Stuffing states in said affidavit that he examined the official maps, books, papers and other public records on file in his office and determined that the subject situs was not owned, operated, managed, maintained or controlled by the Town of North Hempstead on or before May 24, 1989.
As a further basis for dismissal of the complaint herein, the defendant, Town, asserts that the plaintiff may not maintain the personal injury action herein against the Town because the Town never received notice of any alleged defective condition at the subject sidewalk pursuant to Code of the Town of *364 North Hempstead § 26-1. Said section provides as follows: "No civil action shall be maintained against the Town of North Hempstead or the Town Superintendent of Highways for damages or injuries to person or property sustained in consequence of any highway, bridge, culvert, sidewalk or crosswalk being defective, out-of-repair, unsafe, dangerous or obstructed * * * unless written notice of the defective, unsafe, dangerous or obstructed condition * * * relating to the particular place was actually given to the Town Superintendent of Highways or the Town Clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of’.
The affidavit of Sándalo Simonetti, Highway Supervisor for the Town, referred to hereinabove states that no written notice of any defective condition was ever given to him concerning the situs of plaintiffs’ alleged accident on or before May 24, 1989. His affidavit further states that no permits have ever been issued by the Town Highway Department for construction, repair, or alteration of the subject situs. The Town has also submitted an affidavit sworn to on August 6, 1990, by John S. DaVanzo, Town Clerk of the Town of North Hemp-stead. In his affidavit, Mr. DaVanzo states that indexed records are maintained pursuant to Town Law § 65-a (2) of all written notices received by the Town Clerk concerning the existence of defective, unsafe, dangerous or obstructed conditions on any town highway, bridge, culvert or sidewalk. He further states that upon review of said indexed records he has ascertained that no written notice of any defect at the subject situs was given to him prior to May 24, 1989.
The affidavits submitted by the defendant Town are sufficient to establish the Town’s prima facie entitlement to summary judgment. (See, McDermott v South Farmingdale Water Dist., 167 AD2d 517; Zigman v Town of Hempstead, 120 AD2d 520.) In order to oppose the Town’s application for summary judgment dismissing the complaint, it was then incumbent upon plaintiffs to come forward with proof in admissible form to show the existence of a genuine triable issue of fact. (Frank Corp. v Federal Ins. Co., 70 NY2d 966; Alvarez v Prospect Hosp., 68 NY2d 320; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965.) The only opposition to summary judgment interposed by the plaintiffs herein is counsel’s affirmation wherein counsel contends that the court should hold its decision on plaintiffs’ application in abeyance pending discovery. Counsel indicates that all three municipal defendants, the *365 Town of North Hempstead, the County of Nassau and the Village of Great Neck, served answers denying ownership and/or a duty to maintain the subject sidewalk. Counsel seeks a continuance of the instant motion in order to enable plaintiffs to pursue discovery to determine which of the aforesaid three municipalities "is responsible for the public sidewalk”.
CPLR 3212 (f) provides that upon a showing, by affidavits submitted in opposition to a motion for summary judgment, that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or order a continuance to permit disclosure to be conducted. Case law clearly provides that where a party is unable to effectively oppose a motion for summary judgment because the evidence needed is within the exclusive knowledge of the moving party, the court may deny the motion without prejudice or may refrain from ruling on the motion pending disclosure. (Peterson v Spartan Indus., 33 NY2d 463; Hernan v Long Is. R. R., NYLJ, Mar. 8, 1991, at 27, col 4; Denkensohn v Davenport, 130 AD2d 860; Behar v Ordover, 92 AD2d 557.)
Where, however, the party opposing summary judgment claims that a defense depends upon knowledge in the possession of the moving party, the motion for summary judgment will be granted if the opposing party has failed to ascertain the needed facts due to its own voluntary inaction or lack of reasonable effort to ascertain said facts. (Lo Breglio v Marks, 105 AD2d 621; Twining, Nemia & Hill v Read Mem. Hosp., 89 AD2d 432.) A party who claims ignorance of critical facts to defeat a motion for summary judgment must demonstrate that the "ignorance is unavoidable” (see, Overseas Reliance Tours & Travel Serv. v Sarne Co., 17 AD2d 578, 579), and that reasonable attempts there were made to discover the facts which give rise to a triable issue. (Kenworthy v Town of Oyster Bay, 116 AD2d 628, 629.)
In the instant action, the material issues as to ownership of the subject sidewalk and the receipt by the defendant, Town, of the requisite statutory notice of the alleged defective condition are factual questions which are ascertainable by the perusal of public records. The material facts required by plaintiffs are not of such a nature that they constitute exclusive knowledge of the defendant, Town, which can be ascertained solely by means of examination before trial or other discovery proceedings. The instant proceeding has been pending almost two years, yet plaintiffs made no showing that they made any effort to examine official maps, documents or rec *366 ords maintained by the Town in an attempt to uncover information necessary to oppose the application by the Town for summary judgment. Facts essential to oppose the instant application, if any exist, were available to plaintiffs by investigation, inquiry and access to public records. (See, Mounier v Caristo Constr. Co., 106 AD2d 434.)
Plaintiffs have failed to demonstrate that they made reasonable efforts to ascertain the essential facts necessary to oppose the application by the defendant, Town, for summary judgment.
Accordingly, the motion by the defendant, Town, for an order granting summary judgment dismissing the complaint and any cross claims against the Town of North Hempstead is granted.
The court notes that although no formal notice was afforded plaintiffs of the court’s intention to treat the instant application as a motion for summary judgment, pursuant to CPLR 3211 (c), such notice was not required herein. It is unequivocally clear from the papers submitted herein that plaintiffs "deliberately chart[ed] a summary judgment course”, and opposed the instant application as one wherein plaintiffs were obligated to "[lay] bare their proof’, rather than to address the legal sufficiency of the complaint. (See, Markle Found, v Manufacturers Hanover Trust Co., NYLJ, June 7, 1991, at 29, col 1; Four Seasons Hotels v Vinnik, 127 AD2d 310, 320.) Further, plaintiffs specifically sought relief, pursuant to CPLR 3212 (f), granting a continuance and discovery prior to a determination by the court of the defendant Town’s application for summary judgment.