■ ATOMERGIC CHEMETALS CORP. et al., Appellants, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent, et al., Defendants. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Third-Party Plaintiff-Respondent, v ARTHUR EINHORN, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [597 NYS2d 706] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about June 10, 1992, which granted a motion by third-party defendant for summary judgment dismissing the third-party complaint as against him, and a cross-motion by defendant Hartford for summary judgment, to the extent of dismissing the claims of plaintiffs Roland and Burlington seeking recovery for alleged losses caused by third-party defendant Einhorn, and to the extent of dismissing the third-party complaint against Einhorn as moot, unanimously affirmed, with costs.

Appeal from order, same court and Justice entered September 17, 1992, which, in relevant part, denied plaintiffs' motion to reargue the prior motion, dismissed as non-appealable.

Plaintiffs seek to avoid summary judgment by claiming a need for more discovery. They did not affirmatively demonstrate mutual mistake by clear and convincing evidence, or that there was a "likelihood" that there is relevant evidence in defendant insurer's exclusive knowledge (see, Finnerty v Brookhaven Mem. Hosp., 116 AD2d 693, 694), or "demonstrate how further discovery might reveal the existence of" such evidence (Home Sav. Bank v Arthurkill Assocs., 173 AD2d 776, 777, lv dismissed 78 NY2d 1071). Nor did plaintiffs demonstrate a reasonable attempt, prior to the motion, to pursue the discovery now claimed to be necessary (see, Unisource, Inc. v Wolfe, 169 AD2d 567, 568). We further note that the third-party defendant was an employee of plaintiff Roland and not of the named insured plaintiff Atomergic. Concur—Sullivan, J. P., Ross, Kassal and Nardelli, JJ.