■ JOSEPH NOONAN, Respondent, v NEW YORK BLOOD CENTER, INC., Defendant, and ST. LUKE's HOSPITAL, Appellant. [703 NYS2d 468] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered July 7, 1999, denying defendant-appellant's motion for summary judgment pursuant to CPLR 3212, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

The IAS Court erred in denying defendant's motion for summary judgment. The affidavits and exhibits submitted by the defendant hospital on the motion demonstrated that, contrary to the assumption upon which plaintiff's lawsuit is based, no blood transfusions or blood products had been administered to plaintiff during his three admissions for procedures related to a fractured wrist. This evidence satisfied defendant's burden of demonstrating entitlement to judgment as a matter of law, and the absence of any material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). It was incumbent upon plaintiff to then demonstrate the existence of a triable issue of fact; conclusory and unsupported beliefs are insufficient (*supra,* at 324-325). Plaintiff has offered nothing of an evidentiary nature supporting his surmise that he received blood or blood products

while a patient at the defendant hospital, and has no personal knowledge to that effect.

Plaintiff suggests that summary judgment was appropriately denied pursuant to CPLR 3212 (f) inasmuch as the motion was made after plaintiff noticed defendants' depositions, but prior to any such depositions being held. While it is often appropriate to deny summary judgment with leave to renew, where the movant has failed to comply with discovery demands (*see, e.g., Colicchio v Port Auth.*, 246 AD2d 464), here it is apparent that such a procedure would constitute an exercise in futility.

Plaintiff can point to no sound basis upon which it may be logically concluded that his infection with the AIDS virus is the result of a transfusion at defendant hospital. Nothing in the hospital records support such an inference, nor can we agree with plaintiff's assertion that there are inconsistencies in the hospital records, supporting the need for further investigation and inquiry. The affidavits of the two professionals with primary responsibility for this matter, the orthopedic surgeon who performed plaintiff's surgery and the supervisor for the hospital's blood bank, definitively state that no such administration of blood or blood products was performed on plaintiff. In such circumstances, and particularly where the plaintiff, in the absence of any sound factual basis for the claim he made, waited over 10 months before attempting to discover supporting facts, it would be inappropriate to extend the litigation to permit plaintiff to take depositions in the hope that " ' "somehow, somewhere on cross examination or otherwise plaintiffs will uncover something which might add to their case but obviously of which now they have no knowledge" ' " (*Meath v Mishrick*, 120 AD2d 327, 329, *affd* 68 NY2d 992, quoting *Trails W. v Wolff*, 32 NY2d 207, 221, quoting *Hurley v Northwest Publs.*, 273 F Supp 967, 974, *affd* 398 F2d 346; *see also, Gibbons v Hantman*, 58 AD2d 108, *affd* 43 NY2d 941). Concur—Nardelli, J. P., Ellerin, Saxe and Buckley, JJ.