◼ NAFTILOS PAINTING, INC., Plaintiff, v CIANBRO CORPORATION et al., Defendants. (Action No. 1.) CIANBRO CORPORATION, Plaintiff, v ATLAS MAINTENANCE COMPANY, INC., et al., Defendants. (Action No. 2.) NAFTILOS PAINTING, INC., Respondent, v VALSPAR CORPORATION, Appellant. (Action No. 3.) [713 NYS2d 626] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Naftilos Painting, Inc. (plaintiff), the plaintiff in action No. 3, was the painting subcontractor in connection with a renovation of the south Grand Island bridges. The defendant in that action, The Valspar Corporation (defendant), supplied the paint specified for the project by the owner of the bridges, the New York State Thruway Authority. After the project was completed, extensive rusting appeared on the bridges. The general contractor required plaintiff to remediate the rusting at its own expense.

Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. None of the negligence and/or negligent misrepresentation causes of action is predicated upon "the violation of a legal duty independent of that created by the contract" (*Scott v KeyCorp,* 247 AD2d 722, 725), and thus the first three causes of action of the complaint should have been dismissed (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389-390; *Scott v KeyCorp, supra,* at 725; *Alamo Contract Bldrs. v CTF Hotel Co.,* 242 AD2d 643, 644).

The court further erred in failing to dismiss the fourth and fifth causes of action, predicated upon the breach of express and implied warranties of fitness of use for a particular purpose. Each of the invoices reflecting the sale of paint and paint thinner by defendant to plaintiff contained a conspicuous and thus effective disclaimer of all warranties, including that of fitness for a particular purpose (*see,* UCC 1-201 [10]; 2-316 [2]; *Travelers Ins. Cos. v Howard E. Conrad, Inc.,* 233 AD2d 890, 891).

Further, even assuming, arguendo, the existence of an issue

of fact relative to any negligence or breach of warranty cause of action, we conclude that defendant established that no alleged defect in the paint or paint thinner sold by defendant to plaintiff was a proximate cause of the rusting of the bridges, and plaintiff failed to raise an issue of fact in that regard (*see generally, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.