■ COURTNEY ST. CLEMENT, Appellant, v ERNEST LONDA et al., Respondents. [779 NYS2d 460]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered July 21, 2003, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's discovery requests as moot, unanimously affirmed, without costs.

In this custody dispute over the biological child of plaintiff and defendant Casale, plaintiff claims that Casale and his domestic partner, defendant Londa, induced her to conceive the child by representing that they would all be part of an "alternative family," but later changed their minds and sought to exclude her from the child's life. Plaintiff launched a habeas corpus proceeding in which her quest for custody of the child was denied in 2000. At the heart of the present fraud action is the allegation that defendants authenticated a "fraudulent" fax in the habeas corpus proceeding, allegedly sent to her by Londa on March 26, 1996, which bolstered their "perjured testimony" and convinced the habeas court to label her a "surrogate" mother, awarding sole custody to Casale. In that document, Londa allegedly told plaintiff that he was disassociating himself from the endeavor because of her unsuitability as a surrogacy candidate. Plaintiff claims that she first learned defendants had characterized her as merely a surrogate, who had dropped out of sight after the birth, only during the course of the habeas proceeding in 1998.

This action was dismissed as time barred, having been commenced in May 2002, more than six years after commission of the alleged fraud (CPLR 213 [8]), and well more than two years after its purported discovery during the course of litigation (CPLR 203 [g]; *see Julian v Carroll*, 270 AD2d 457 [2000]). Additionally, plaintiff has not stated a cognizable claim for fraud. There is no support for her premise that the March 1996 fax, whose authenticity is disputed, was the primary factor in the habeas custody ruling. The record reflects that the court there awarded custody to Casale in the best interests of the child, based on the opinions of neutral psychiatric experts, as well as on an undisputed fax sent by plaintiff to defendants on April 16, 1996, which evidenced that Casale was to be the primary care giver. Plaintiff alleged that the language she used in the April fax was actually dictated by defendants.

The remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015 [a] [3]), and not by another plenary action collaterally attacking that judgment (*Vinokur v Penny Lane Owners Corp.*, 269 AD2d 226 [2000]).

In view of the foregoing, there is no need to reach the discovery issue. Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.