■ Peter J. Walsh, Respondent, v Aspen Square Management, Inc., et al., Defendants, and Clover Management, Inc., Appellant. [848 NYS2d 477]—

Appeal from an order of the Supreme Court, Niagara County (Gerald J. Whalen, J.), entered December 18, 2006 in a personal injury action. The order denied the motion of defendant Clover Management, Inc. for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint and cross claims against defendant Clover Management, Inc. are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell on ice and snow in the parking area of his residence. We agree with defendant Clover Management, Inc. (Clover), the alleged manager of the property, that Supreme Court erred in denying its motion for summary judgment dismissing the amended complaint and cross claims against it.

Clover met its initial burden by establishing that it was not the property manager at the time of the incident, and plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff's conclusory contention that additional discovery is necessary is insufficient to defeat Clover's motion inasmuch as plaintiff failed to make the requisite evidentiary showing "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Preferred Capital v PBK, Inc.*, 309 AD2d 1168, 1169 [2003]; *Noonan v New York Blood Ctr.*, 269 AD2d 323, 324 [2000]; *Mazzaferro v Barterama Corp.*, 218 AD2d 643 [1995]; *Atomergic Chemetals Corp. v Hartford Acc. & Indem. Co.*, 193 AD2d 551 [1993]). Furthermore, plaintiff did not "demonstrate a reasonable attempt, prior to the motion, to pursue the discovery now claimed to be necessary" (*Atomergic Chemetals Corp.*, 193 AD2d 551 [1993]; *see Kenworthy v Town of Oyster Bay*, 116 AD2d 628, 629 [1986]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.