■ In the Matter of NEW YORK DIET DRUG LITIGATION. CLARA APPEL-HOLE et al., Plaintiffs, v WYETH-AYERST LABORATORIES et al., Defendants. PARKER & WAICHMAN LLP et al., Intervenor Respondents; NAPOLI, KAISER & BERN, LLP, et al., Intervenor Appellants. [850 NYS2d 408]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 27, 2007, which, to the extent appealed from as limited by the briefs, upon reargument, granted the motion by Parker & Waichman (P & W) and certain of its clients to intervene as parties plaintiff, unanimously affirmed, without costs.

P & W, the referring attorneys, claim that in a mass settlement of litigation arising from the use of Fen-Phen, settling attorneys Napoli, Kaiser & Bern (NKB) misallocated settlement awards and costs to the referred clients. The court properly allowed P & W, as well as a group of its clients, to intervene and seek disclosure of certain documents in support of a settlement order dated November 7, 2001. "The remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015 [a] [3]), and not by another plenary action collaterally attacking that judgment" (*St. Clement v Londa*, 8 AD3d 89, 90 [2004]). P & W and its clients properly so moved. Furthermore, P & W's action in moving to intervene was not untimely. To the contrary, any delay in P & W's motion was due largely to NKB's own action in moving ex parte for the settlement order despite its own awareness that P & W disputed the settlement allocations.

We have considered NKB's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Catterson and Kavanagh, JJ. [*See* 15 Misc 3d 1114(A), 2007 NY Slip Op 50647(U).]