required to conduct a hearing with respect to the amount of restitution inasmuch as he neither requested such a hearing nor objected to the amount of restitution at sentencing (*see People v Wright*, 79 AD3d 1789 [2010]; *see generally People v Horne*, 97 NY2d 404, 414 n 3 [2002]). In any event, defendant waived that contention because he stipulated to the amount of restitution (*see Wright*, 79 AD3d 1789). To the extent that defendant's contention in his main brief that he was denied effective assistance of counsel survives the plea (*see People v Santos*, 37 AD3d 1141 [2007], *lv denied* 8 NY3d 950 [2007]), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). The sentence is not unduly harsh or severe. Finally, defendant's contention in his pro se supplemental brief that the People failed to honor the executed plea agreement involves matters outside the record on appeal and thus is not properly before us (*see generally People v Egan*, 6 AD3d 1206 [2004], *lv denied* 3 NY3d 639 [2004]). Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.

■ Kai Lin, Appellant, v Strong Health et al., Respondents. (And Another Action.) (Appeal No. 2.) [919 NYS2d 421]—

Same memorandum as in *Kai Lin v Strong Health* (82 AD3d 1585 [2011]). Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.

■ Kai Lin, Appellant, v Strong Health et al., Respondents. (And Another Action.) (Appeal No. 1.) [919 NYS2d 610]—