# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**87**

**CA 10-01474**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

KAI LIN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STRONG HEALTH, DEPARTMENT OF DENTISTRY,
UNIVERSITY OF ROCHESTER MEDICAL SCHOOL,
UNIVERSITY DENTAL FACULTY GROUP AND
DR. CARLO ERCOLI, DEFENDANTS-RESPONDENTS.
(AND ANOTHER ACTION.)
(APPEAL NO. 1.)

---

KAI LIN, PLAINTIFF-APPELLANT PRO SE.

OSBORN, REED & BURKE, LLP, ROCHESTER (CHRISTIAN C. CASINI OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered May 25, 2010 in a dental malpractice action. The order settled the record on appeal from an order entered August 12, 2009.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the transcript of the oral argument on the motion and cross motions shall be included in the record on appeal in appeal No. 2 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced action Nos. 1 and 2 seeking damages for the alleged dental malpractice of defendants in the installation of a bridge and a crown, respectively. Plaintiff moved pro se to compel discovery in both actions and defendants cross-moved for summary judgment dismissing the amended complaint in action No. 1 and the complaint in action No. 2. Supreme Court granted defendants' cross motions, dismissed both actions and denied as moot plaintiff's motion.

In appeal No. 1, plaintiff appeals from an order settling the record in appeal No. 2. We agree with plaintiff that Supreme Court erred in failing to include a transcript of oral argument on the motion and cross motions, and we therefore modify the order in appeal No. 1 accordingly. The record on appeal "must include any relevant transcripts of proceedings before the [court]" (*Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427; *see* CPLR 5526; 22 NYCRR 1000.4 [a] [2]). We further conclude, however, that the remaining

papers that plaintiff seeks to include in the record were properly excluded because "the record on appeal is . . . limited to those papers that were before the court in deciding the motion[]" and cross motions (*Gui's Lbr. & Home Ctr., Inc. v Pennsylvania Lumbermens Mut. Ins. Co.*, 55 AD3d 1389, 1390; *see* CPLR 5526; 22 NYCRR 1000.4 [a] [2]).

In appeal No. 2, plaintiff appeals from the order that granted defendants' cross motions and denied as moot plaintiff's motion. We affirm. Defendants met their initial burden on the cross motions by submitting the affidavits of defendant Dr. Carlo Ercoli and defendants' expert witness. Those affidavits established that the conduct of defendants "was consistent with the applicable standard of care" (*O'Shea v Buffalo Med. Group, P.C.*, 64 AD3d 1140, 1140, *appeal dismissed* 13 NY3d 834), and that their conduct did not cause plaintiff's alleged injuries (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436). In opposition to the cross motions, plaintiff "failed to submit any affidavit from a [dental] expert to support the malpractice claim[s] and to refute [defendants'] submissions. The plaintiff thus failed to meet her burden of coming forward with appropriate evidentiary material establishing the existence of . . . triable issue[s] of fact" (*Thomas v Richie*, 8 AD3d 363, 364; *see Ericson v Palleschi*, 23 AD3d 608, 610; *see generally Fiore v Galang*, 64 NY2d 999, 1000-1001). Contrary to plaintiff's contention, expert affidavits were necessary to establish that her malpractice claims had merit because they do not constitute "matters within the ordinary experience of laypersons" (*Fiore*, 64 NY2d at 1001).

Plaintiff further contends that the court erred in granting defendants' cross motions because defendants failed to disclose certain X rays and dental impressions. We reject that contention (*see generally* CPLR 3212 [f]; *Walsh v Aspen Sq. Mgt., Inc.*, 46 AD3d 1411; *Kenworthy v Town of Oyster Bay*, 116 AD2d 628). The record establishes that, in response to plaintiff's revised demand for discovery, defendants offered to arrange a meeting where plaintiff could inspect those items or, in the alternative, defendants offered to make copies of the requested items at plaintiff's expense. Plaintiff did not accept either of defendants' offers, however, and thus "plaintiff did not 'demonstrate a reasonable attempt, prior to the [cross] motion[s], to pursue the discovery now claimed to be necessary' " (*Walsh*, 46 AD3d at 1412).

Entered:  March 25, 2011                                    Patricia L. Morgan
                                                           Clerk of the Court