■ WEST 63 EMPIRE ASSOCIATES, LLC, Doing Business as the EMPIRE HOTEL, Appellant, v WALKER & ZANGER, INC., Respondent. [968 NYS2d 455]—

Judgment, Supreme Court, New York County (Lucy Billings, J.), entered May 21, 2012, granting defendant's motion for summary judgment dismissing the complaint, and denying plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, with costs.

Even assuming that plaintiff has standing to sue as an intended third-party beneficiary of a contract for the purchase of natural travertine tile, entered into between plaintiff's interior designer and defendant (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 45 [1985]), the broad, express, and conspicuous disclaimer of all warranties set forth in the invoice memorializing the sale is fatal to plaintiff's claims for breach of the implied warranties of merchantability and fitness for a particular purpose (*see* UCC 2-316; *Naftilos Painting v Cianbro Corp.*, 275 AD2d 975, 975 [4th Dept 2000]; *Sky Acres Aviation Servs. v Styles Aviation*, 210 AD2d 393, 394 [2d Dept 1994]). Plaintiff's contention that the disclaimer language is not sufficiently conspicuous to be operative is unavailing. The disclaimer is printed in all-capital letters, and dominates the conditions of sale set forth at the bottom of the invoice (*see* UCC 1-201 [10]). The disclaimer is likewise fatal to plaintiff's claim for breach of contract (*see Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 521 [2d Dept 2007]; *Smith v Fitzsimmons*, 180 AD2d 177, 180 [4th Dept 1992]).

Plaintiff's unjust enrichment claim was also properly dismissed. The existence of the contract of sale "precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). The invoice contains the material terms and consti-

tutes an integrated contract "preclud[ing] extrinsic proof to add to or vary its terms" (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 600 [1997]; *see* UCC 2-202, 2-316). The parol evidence rule thus acts as a bar to plaintiff's assertion that, despite the clear disclaimer of any warranties contained in the evidence, defendant nonetheless orally warranted the unfilled natural travertine as being suitable for use in a commercial hotel lobby.

Plaintiff has not demonstrated that there is potential evidence that might be uncovered in discovery that would serve to raise issues of fact supporting its claim. Under the circumstances, summary judgment is appropriate despite the absence of discovery (*see Noonan v New York Blood Ctr.*, 269 AD2d 323, 324 [1st Dept 2000]). Concur—Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.