# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**624**
**CA 13-00998**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

KAI LIN, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DEPARTMENT OF DENTISTRY, UNIVERSITY OF
ROCHESTER MEDICAL CENTER, UNIVERSITY DENTAL
FACULTY GROUP, DR. CARLO ERCOLI, DR. JANE
BREWER, OSBORN, REED & BURKE, LLP, CHRISTIAN C.
CASINI, ESQ., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANT.

---

KAI LIN, PLAINTIFF-APPELLANT PRO SE.

THE WOLFORD LAW FIRM LLP, ROCHESTER (LEA T. NACCA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS DEPARTMENT OF DENTISTRY, UNIVERSITY OF
ROCHESTER MEDICAL CENTER, UNIVERSITY DENTAL FACULTY GROUP, DR. CARLO
ERCOLI, OSBORN, REED & BURKE, LLP AND CHRISTIAN C. CASINI, ESQ.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ELIZABETH M. BERGEN OF COUNSEL),
FOR DEFENDANT-RESPONDENT DR. JANE BREWER.

---

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered January 15, 2013. The judgment and order granted the motions of defendants to dismiss the complaint, prohibited plaintiff from initiating any further actions against defendants without leave of court and granted legal fees and costs to defendants-respondents.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for, inter alia, fraud and spoliation of evidence after her prior dental malpractice action was dismissed and the order dismissing that action was affirmed by this Court (*Kai Lin v Strong Health* [appeal No. 1], 82 AD3d 1585, *lv dismissed in part and denied in part* 17 NY3d 899, *rearg denied* 18 NY3d 878). Plaintiff appeals from a judgment and order that, inter alia, granted defendants' motions to dismiss the instant complaint and imposed sanctions in the form of an award of legal fees and costs to defendants-respondents (defendants). We reject plaintiff's contention that Supreme Court erred in dismissing the complaint. To the extent that the complaint alleged "fraud, misrepresentation, or other misconduct of an adverse party" committed during the course of the prior litigation, plaintiff's sole remedy was a motion to vacate the court's

prior order pursuant to CPLR 5015 (a) (3). "A litigant's remedy for alleged fraud in the course of a legal proceeding 'lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the [order] due to its fraudulent procurement, not a second plenary action collaterally attacking the [order]' " (*Vinokur v Penny Lane Owners Corp*., 269 AD2d 226, 226; *see St. Clement v Londa*, 8 AD3d 89, 90). In addition, "the tort of third-party negligent spoliation of evidence . . . is not cognizable in this state" (*Ortega v City of New York*, 9 NY3d 69, 73). We have considered plaintiff's other contentions with respect to the dismissal of the complaint, and we conclude that they are without merit. Finally, we reject plaintiff's contention that the court erred in imposing sanctions. Absent a "clear abuse of discretion, we will not disturb the court's determination that the conduct in question was frivolous and that it warranted the imposition of" sanctions in the form of legal fees and costs (*Matter of Bedworth-Holgado v Holgado*, 85 AD3d 1589, 1590). We decline, however, to grant defendants' request for the imposition of sanctions based on plaintiff's pursuit of this appeal.

Entered: August 8, 2014                    Frances E. Cafarell
                                           Clerk of the Court